Yah Voobhis, J.
The underlying controversy is a criminal prosecution for trespass in violation of a local ordinance. Dropping anchors from boats to catch upon the bottom of a small estuary of Long Island Sound, known as Lloyd Point Basin, is claimed to have violated the property rights of a lessee of the land under water. The persons involved in this appeal were tried in Police Court in the Village of Lloyd Harbor and acquitted. (People v. Kraemer, 7 Misc 2d 373.) The People appealed to the Suffolk County Court, which entertained jurisdiction to hear the appeals by denying motions to dismiss them. (People v. Kraemer, 14 Misc 2d 42.) This proceeding, in the nature of prohibition under article 78 of the Civil Practice Act, was then instituted by the defendants in the criminal prosecutions on the theory that they could not twice be placed in jeopardy for the same offense. The Suffolk County Court has been restrained by this prohibition order from exceeding its jurisdiction by hearing those appeals.
Prohibition is the traditional remedy designed for this kind of situation 9Matter of Hogan v. Court of Gen. Sessions, 296 N. Y. 1, 7; Matter of Culver Contr. Corp. v. Humphrey, 268 N. Y. 26; People ex rel. Jerome v. Court of Gen. Sessions, 185 N. Y. 504). If, as the Appellate Division has held, what happened in Police Court amounted to a trial and acquittal for the reason that it developed on the trial that this is navigable water, then the successful defendants in the criminal trial are not subject to harassment by being obliged to prepare and argue appeals on the merits in order to obtain a determination that the Suffolk County Court lacks the jurisdiction which it has refused to renounce.
The return of the Police Justice to the County Court certified that these defendants (petitioners-respondents here) had been tried in Police Court and found not guilty. This was afterwards changed at the instance of the District Attorney, so as to state that the charges of trespass had been dismissed on the law. The amended return does not state that the informations were dismissed as insufficient in law. Regardless of whether the Police Justice could change his return, an examination of Ms opinion *366 (7 Misc 2d 373) discloses that the dismissals were not based on insufficiency of the informations, but on the ground that the criminal charges had not been proved as matter of law. It developed on that trial that petitioners-respondents dropped anchor in navigable water. The informations were not insufficient in themselves. They do not allege or concede that this is navigable water. Even upon the argument in this court, the District Attorney refused to admit that Lloyd Point Basin is navigable. The People are not entitled to appeal for the reason that it developed upon the trial in Police Court that this area of water is navigable. Neither are the People entitled to appeal because there is no conflict in the evidence about its navigability. If it develops on a criminal trial that the facts are incontestably in favor of a defendant, with the consequence that on the evidence the Trial Judge has to dismiss the charge on the law, there is less reason for allowing the prosecution to appeal than though there were a conflict in the testimony.
Subdivision 3 of section 518 of the Code of Criminal Procedure permits an appeal by the People from an order setting aside or dismissing an indictment (or information) “on a ground other than the insufficiency of the evidence adduced at the trial ’ ’. Subdivision 5 disallows an appeal by the People “where a verdict of not guilty has been rendered.” This is not a case of the dismissal of these informations in police court as themselves insufficient in law. The charges were dismissed after trial, on the basis of facts adduced by the evidence or of which judicial notice was taken, which are held, as matter of law, to fall short of establishing the crime charged. To allow the County Court to assume jurisdiction of these appeals would be equivalent to allowing the People to appeal in any criminal action where a defendant has been discharged after trial by dismissal of the indictment or information at the close of the evidence, upon the ground that the prosecution has failed to prove a case.
The language quoted from subdivision 3 of section 518 of the Code of Criminal Procedure was adopted by chapter 832 of the Laws of 1942, upon recommendation of the Judicial Council, in order to correct a deficiency in that section which was highlighted by this court’s decision in 1937 in People v. *367 Reed (276 N. Y. 5). In the Reed case, the court held that, under the then existing statutory provisions, the People could not appeal from an order made during the trial, dismissing an indictment on the ground that it failed on its face to charge a crime, even though the trial court’s ruling on the sufficiency of the indictment would have been appealable if it had been made on demurrer before trial or on motion in arrest of judgment after verdict.
In recommending the foregoing amendment to subdivision 3 of section 518, the Judicial Council emphasized that its purpose was to extend the People’s right of appeal to an order sustaining “ objections to the sufficiency of the indictment [raised] by a motion to dismiss ”, whether the motion was made “ before or after a jury had been called and whether before or after any testimony had been taken.” (See Fifth Annual Report of N. Y. Judicial Council, 1939, p. 41; Eighth Annual Report of N. Y. Judicial Council, 1942, p. 63.)
The amended subdivision 3, indeed, specifies that to be appealable the order dismissing the indictment must have been made ‘ ‘ on a ground other than the insufficiency of the evidence adduced at the trial ”; and the Judicial Council itself emphasized that the amendment ‘ ‘ would not allow an appeal from an order dismissing an indictment for reasons connected with the weight or sufficiency of the evidence”. (See Eighth Annual Report, op. cit., p. 62.)
It seems clear that the informations in the present case were not dismissed on the ground that they were legally insufficient on their face. The informations, charging trespass upon privately owned land under water, were undoubtedly sufficient on their face. The dismissal was based on the facts developed at the trial, which were reviewed in the Trial Judge’s lengthy opinion (7 Misc 2d 373), and which showed that the harbor in question, though man-made, was a navigable waterway (7 Misc 2d 380), and had been continuously utilized by various craft for a period of over 30 years (7 Misc 2d 377-378).
In short, although the informations were sufficient on their face, the Trial Judge, nevertheless, dismissed the charges as a matter of law on the basis of the evidence with respect to the navigable nature of the waterway and his views as to the public’s *368 right of navigation over such a waterway. Since the dismissal was thus based on ‘ ‘ the insufficiency of the evidence adduced at the trial” to warrant conviction of trespass, as distinguished from any question as to the legal sufficiency of the informations as pleadings, appeal therefrom is excluded by the very terms of subdivision 3 of section 518.
The Judicial Council noted that there was a possible question of double jeopardy, even as regards the limited amendment recommended by it. (See Fifth Annual Report, op. cit., p. 41.) A much more serious question of double jeopardy would be presented if the amendment were interpreted to give the People a right of appeal from a dismissal, as in this case, ‘1 for reasons connected with the weight or sufficiency of the evidence ”.
The final order appealed from should be affirmed, without costs.