Jones, J.
The question is whether, in view of defendant’s acquittal on two counts of perjury, he may be retried on five other counts as to each of which the trial court declared a mistrial because the jury could not reach a verdict.
Defendant was indicted on eight counts of perjury and one count of obstructing governmental administration. All counts relate to a meeting held on February 6, 1967 between defendant and Anthony Piazza, an Assistant Counsel of the New York-New Jersey Waterfront Commission. The indictment alleged, inter alia, that at that meeting defendant sought improperly and injudiciously to influence the outcome of an investigation then being conducted by the Waterfront Commission concerning the infiltration of organized crime into the Brooklyn waterfront and the activities of a stevedoring company, American Stevedores, and one of its employees, Thomas Masotto.
The perjury counts were the outgrowth of sworn testimony given by defendant at two separate proceedings instituted by the Appellate Division, Second Department, with respect to defendant’s conduct. As a result of a complaint by Mr. Piazza, the Appellate Division had ordered an investigation during the course of which defendant gave sworn testimony before a Referee with reference to his meeting with Mr. Piazza. Thereafter, on the basis of the Referee’s recommendations, the Appellate Division had directed the institution of formal removal proceedings against defendant. These proceedings were conducted by a Justice of the Supreme Court, and again defendant gave sworn testimony with respect to his meeting with Mr. Piazza.
Counts 1 and 2 of the indictment charged that defendant swore falsely that the "sole purpose” of the Piazza meeting *309 was to screen memberships for the American-Italian Anti-Defamation League—count 1 alleged false swearing before the Referee; count 2 before the Justice.
Counts 3 and 4 charged that defendant swore falsely that he and Mr. Piazza had discussed the American-Italian Anti-Defamation League at their meeting. Again, count 3 referred to defendant’s testimony before the Referee; count 4, that before the Justice.
Counts 5 and 6 charged that defendant swore falsely that at the time he arranged the Piazza meeting he had no knowledge of any Waterfront Commission investigation of Thomas Masotto and American Stevedores. Here, too, count 5 related to his testimony before the Referee; count 6 to his testimony before the Justice.
Count 7 dealt with defendant’s testimony before a Federal Grand Jury with respect to the Piazza meeting.
Count 8 charged that defendant had given irreconcilable and inconsistent testimony before the Referee and the Justice as to when he first knew that Thomas Masotto worked for American Stevedores.
Count 9, containing the obstructing governmental administration charge, was dismissed prior to trial.
At the conclusion of defendant’s trial, after deliberating for some 20 hours, the jury returned a verdict of not guilty as to counts 3 and 4. At the same time the jury declared that it was unable to reach a verdict as to any of counts 1, 2, 5, 6, 7 and 8. The trial court accepted the partial verdict as to counts 3 and 4 and declared a mistrial as to the remaining counts.
When retrial was scheduled, defendant instituted the present article 78 (CPLR) proceeding for prohibition on the ground that retrial of the open counts, other than count 7 involving testimony before the Federal Grand Jury, was barred by the double jeopardy clause of the Federal Constitution and by CPL 310.70 (subd 2). The Appellate Division, Second Department, entertained the proceeding, granted the petition on the merits, prohibited retrial of counts 1, 2, 5, 6 and 8 and dismissed those counts. The appeal is before us by permission. We conclude that the order of the Appellate Division should be reversed and the five challenged counts be reinstated.
At the threshold we note that the extraordinary remedy of prohibition lies to review double jeopardy claims (Matter of *310 Kraemer v County Ct. of Suffolk County 6 NY2d 363; see Matter of State of New York v King, 36 NY2d 59).
Here the issue turns on whether the perjuries charged were part of a single act and therefore could not be the subject of consecutive sentences if there were convictions on all counts.
Two sections of the Criminal Procedure Law and one section of the Penal Law are pertinent.
CPL 310.70 (subd 2)*: "Upon the rendition of a partial verdict pursuant to subdivision one, a defendant may be retried upon an unresolved count of an indictment when such unresolved count is consecutive, as that term is defined in subdivision two of section 300.30, as to every count upon which the jury did render a verdict, whether of guilty or not guilty.”
CPL 300.30 (subd 2): " 'Consecutive counts’ means two or more counts of an indictment upon which consecutive sentences may be imposed in case of conviction thereon.”
Penal Law (§ 70.25, subd 2): "When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences must run concurrently.”.
The issue turns on the old question of when a criminal transaction is separable into distinct events justifying separate prosecution, separate conviction and consecutive sentences (e.g., People v Gittelson, 18 NY2d 427, 429, affg 25 AD2d 265, 270; People ex rel. Maurer v Jackson, 2 NY2d 259, 264). The answer is not easy.
In this instance, although the perjuries charged all relate in a general sense to one event, i.e., the meeting between defendant and Mr. Piazza on February 6, 1967, we conclude that each alleged perjury involved a separate act. Thus, counts 1 and 2 are addressed to defendant’s testimony as to the "sole purpose” of the meeting. This presents a distinct issue with respect to a condition existing prior to the meeting, i.e., as to the objective for which the meeting was called. Counts 3 and 4, as to which defendant was acquitted, relate on the other hand to what was discussed at the meeting— specifically, *311 whether there was then discussion of the American-Italian Anti-Defamation League. There is nothing inconsistent between the jury finding that defendant did not testify falsely when he said that the Anti-Defamation League was discussed at the meeting and a conclusion that he had testified falsely in saying that the sole purpose for the meeting had been to screen memberships for the league.
Counts 5 and 6 relate to still another, separate matter— whether defendant testified falsely that at the time he arranged the meeting he had no knowledge of any Waterfront Commission investigation of Thomas Masotto and American Stevedores. Here again address is to a point in time prior to the meeting and deals with the state of defendant’s subjective knowledge at that time. Further, the issue of what defendant knew before the meeting about a waterfront investigation and whether the meeting was called for the sole purpose of screening membership for the Anti-Defamation League are quite different matters.
Finally the irreconcilable and inconsistent testimony with which count 8 deals concerned when defendant first knew that Thomas Masotto worked for American Stevedores. The question of the date of defendant’s first knowledge of this relationship was entirely independent of whether he ever had a meeting with Mr. Piazza, what the sole purpose of that meeting was, what was discussed at the meeting, and whether defendant knew of any waterfront investigation.
Thus the several acts of perjury charged in this indictment were discrete and can be said to constitute more than just a recasting of several facets of the same transaction. True, there was but a single meeting between defendant and Mr. Piazza. There were charges, however, of separate acts of perjury as to what defendant knew before the meeting, why it was called, what occurred at the meeting, and as to the state of defendant’s knowledge at the time of the meeting. (It perhaps is worth recalling that the very fact that the jury disagreed as to the five unresolved counts showed that they distinguished the "acts” involved in them from those involved in the two counts on which they acquitted defendant.)
We observe in passing that we distinguish between the issues as to separateness which are raised on charges of contempt and those which are raised on charges of perjury. In the case of contempt there may well be but a single continuous act of refusal to testify or of willful evasion. If this be the *312 case it may not matter that there was interrogation as to several different topics; the offense charged is a contempt of the Grand Jury. (People v Chestnut, 26 NY2d 481; People v Riela, 7 NY2d 571; cf. People v Saperstein, 2 NY2d 210.) In charges of perjury, however, there may well be, as here, discrete subjects as to each of which false testimony was given in sequence.
In reaching the conclusion we do in this case we do not wish to be understood, however, as approving efforts on the part of a prosecutor, by a series of questions, each carefully phrased to include a linguistic difference, to fracture what is in essence a single, integral inquiry into multiple aspects, susceptible to description as different by a lexicographer but not reasonably so to be characterized as a matter of substance.
The judgment of the Appellate Division should be reversed.
Chief Judge Breitel and Judges Jasen, Cooke and Main* concur with Judge Jones; Judges Gabrielli and Wachtler dissent and vote to affirm on the memorandum at the Appellate Division.
Judgment reversed, without costs, counts 1, 2, 5, 6 and 8 of the indictment reinstated and petition dismissed.

 We note that this section was amended by chapter 762 of the Laws of 1974, effective September 1, 1974. Such amendment, however, is inapplicable to this case in which acquittal and mistrial occurred on July 24, 1974.

 Designated pursuant to section 2 of article VI of the State Constitution.