■ In the Matter of PAMELA WILSON, Respondent, v DONALD O. CHESWORTH, JR., as District Attorney of Monroe County, et al., Appellants. — Judgment unanimously affirmed, without costs. Memorandum: Because it was an improvident exercise of discretion for the court to declare a mistrial, petitioner's retrial on the same criminal charges is prohibited by the double jeopardy provisions of the State and Federal Constitutions. Before declaring a mistrial in a criminal action it is incumbent upon a trial court to explore appropriate alternatives and to abort the trial only as a last resort (see *People v Michael,* 48 NY2d 1; *Matter of Respeto v McNab,* 90 AD2d 308; *Matter of Girard v Rossi,* 40 AD2d 13). Under the circumstances here, the court should have attempted to proceed without an alternate juror, as suggested by petitioner, instead of speculating that one of the jurors might not be able to serve throughout the trial. Alternatively, the court could have granted a one-night adjournment in order to call additional jurors. The fact that prospective jurors might have been subject to some inconvenience was not a ground for ignoring that solution (see *People v Michael, supra,* p 10). Because there was no "manifest necessity" for a mistrial (*United States v Perez,* 9 Wheat [22 US] 579, 580) nor was it "physically impossible to proceed with the trial in conformity with law" (CPL 280.10, subd 3), there were no sound reasons on which to base an exercise of the court's discretion (cf. *Matter of Enright v Siedlecki,* 59 NY2d 195). Petitioner was entitled to have her "fate determined as expeditiously as possible and by the first jury to which the case [was] presented" (*People v Michael, supra,* p 10) and that right may not be lightly cast aside. (Appeal from

judgment of Supreme Court, Monroe County, Rosenbloom, J. — art 78.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.