*386 OPINION OF THE COURT
Chief Judge Wachtler.
 The defendant’s first trial terminated when the Judge declared a mistrial while defendant was not present in court. After a second trial, defendant was convicted of murder in the second degree, and the conviction has been affirmed by a divided Appellate Division. The issues on this appeal are whether defendant’s lawyer consented to the mistrial, and whether a lawyer has the authority to do so where the defendant is not present and was not consulted. We answer both of these questions affirmatively, and affirm the order of the Appellate Division.
Defendant, Edward Ferguson, shot and killed Ozell Jackson following an argument over whether a light in the stairwell of the apartment building they both lived in should be kept on or off. Defendant was indicted for murder in the second degree (Penal Law § 125.25 [1]), and his trial on the indictment commenced on September 22,1982.
On the evening of the fourth day of trial, one of the jurors was apparently involved in an automobile accident. A court employee received a call the following morning informing the court that the accident had occurred, and that the juror was receiving treatment in a hospital. A call was placed to the hospital confirming this information, but the hospital personnel did not elaborate on the extent of the juror’s injuries or how long he would remain in the hospital.
The Trial Judge was informed as to what had transpired, and she called the attorneys into her chambers for a conference. Although there was no record made of the conference, it is agreed by both sides that the Judge stated that she was considering a mistrial as there were no alternate jurors available and it would thus be impossible to continue the trial. It is also undisputed that no further inquiry was made as to the condition of the juror.
At the end of the conference, the Judge and the attorneys returned to the courtroom, in which the other 11 jurors were present. The defendant had not yet arrived at the court that morning, and was unaware of the consideration being given to the declaration of a mistrial. The defendant’s absence was noted, and, after the Judge opined that there was no need to wait for him, defense counsel waived his appearance. The court then stated that it was going to "inform the jury what has happened” and asked the attorneys if that was agreeable *387 with them. The prosecution stated that it was; defense counsel said nothing. The court then proceeded to tell the jurors about the automobile accident and stated that it would be necessary to declare a mistrial. After some additional comments, the court dismissed the jurors. Defense counsel remained silent throughout the court’s remarks to the jurors.
Prior to the commencement of the second trial, defendant moved to dismiss the indictment on the ground of double jeopardy. Defense counsel claimed in that motion that he had not given an "unqualified consent” to a mistrial but had instead merely stated in chambers that "the Judge must do what she feels must be done.” He also asserted that the Trial Judge desired a mistrial because she felt that the delay in the trial which would otherwise occur would interfere with a planned trip to China. Significantly, however, counsel did not claim that he ever objected to a mistrial, and it may fairly be implied from his motion papers that he realized that the Judge intended to declare a mistrial when they returned to the courtroom. Additionally, defendant did not seek a hearing to reconstruct what had transpired in chambers, nor did he move to have a different Judge decide the double jeopardy claim.
The court denied the motion to dismiss, stating that "[neither attorney suggested or requested [at the conference in chambers] any further action be taken [and] neither attorney objected to the mistrial.” The second trial commenced on December 2, 1982, and defendant was convicted of murder.
The Appellate Division, by a divided vote, affirmed the conviction. The majority noted defense counsel’s failure to object at any time to the mistrial and his statement in chambers that "the Judge must do what she feels must be done”, and concluded that defense counsel impliedly consented to the mistrial. The majority also rejected the claim that the personal consent of the defendant was necessary, holding instead that the express or implied consent of defense counsel is binding on the defendant. The dissenting Justices disagreed with the majority’s finding of implied consent by defense counsel, and also expressed the view that a defense attorney’s consent to a mistrial is effective only if the defendant was present at the time such consent was given.
The double jeopardy clauses of the Federal (US Const 5th Amend) and State Constitutions (NY Const, art I, § 6) protect an accused against multiple prosecutions for the same offense *388 (e.g., United States v Dinitz, 424 US 600, 606; Matter of Bland v Supreme Ct., 20 NY2d 552, 555). In a jury trial, once the jury is impaneled and sworn, jeopardy attaches (e.g., Crist v Bretz, 437 US 28, 35; CPL 40.30 [1] [b]), and the defendant then possesses a " ' "valued right to have his trial completed by a particular tribunal” ’ ” (Illinois v Somerville, 410 US 458, 466; Wade v Hunter, 336 US 684, 689).
Where a mistrial is granted without the consent or over the objection of a defendant, retrial is barred by double jeopardy protections unless there was "manifest necessity” for the mistrial or "the ends of public justice would otherwise be defeated” (United States v Perez, 9 Wheat [22 US] 579, 580; Matter of Enright v Siedlecki, 59 NY2d 195, 199; see, United States v Dinitz, 424 US, at p 607, supra). By contrast, where the defendant either requests a mistrial or consents to its declaration, the double jeopardy clauses do not ordinarily bar a second trial (e.g., United States v Scott, 437 US 82, 93).
The People claim that whether defendant consented to the mistrial is irrelevant here because there was in any event "manifest necessity” for it in view of the juror’s accident. All five Appellate Division Justices properly rejected this argument. Although the trial court’s view as to the necessity for discharging the jury is entitled to deference, its discretion is not unlimited (see, e.g., Matter of Enright v Siedlecki, 59 NY2d, at p 200, supra; People v Michael, 48 NY2d 1, 9). The court has the duty to consider alternatives to a mistrial and to obtain enough information so that it is clear that a mistrial is actually necessary (see, e.g., United States v Jorn, 400 US 470, 487; Hall v Potoker, 49 NY2d 501, 505).
Here, there was no information as to how long the juror would remain unavailable, and the Judge apparently made no effort to ascertain the extent of his injuries. It is quite possible that the juror would have been able to continue service within the next few days, in which case a brief continuance would have been available as an alternative to a mistrial (cf. People v Michael, 48 NY2d, at pp 9-10, supra; United States v Smith, 621 F2d 350, 351, cert denied 449 US 1087). We thus agree with the Appellate Division that "manifest necessity” was plainly lacking.
Accordingly, retrial was permissible only if defendant consented to the mistrial. While express consent to a mistrial is preferable, defendant’s consent may in some cases be implied from the circumstances leading up to the dismissal of the jury *389 (see, United States v Smith, 621 F2d, at p 351, supra; United States v Goldstein, 479 F2d 1061, 1067, cert denied 414 US 873). The Trial Judge and the majority at the Appellate Division found implied consent to the mistrial after examining what transpired prior to the dismissal of the jury.
Whether a party consented to a mistrial is a factual question (cf. People v Bastidas, 67 NY2d 1006; People v Murphy, 55 NY2d 819). As the lower courts correctly found that consent may be implied, their findings of consent must be upheld if there is any support in the record for that conclusion. Although the absence of a transcript of the conference in chambers makes this question a difficult one, we conclude that defense counsel’s own recollections of what happened at the conference and his continued silence while the court addressed the jurors provides support for the conclusions below. This case demonstrates, however, the essential importance of a trial court having all discussions of a mistrial in the courtroom and on the record and having the position of each party on the matter clearly set forth. This is particularly true because there is always the potential claim of double jeopardy (see, e.g., People v Michael, 48 NY2d 1, supra).
We turn to defendant’s contention that his personal consent, or at least his presence, was required. Although the right to not be placed twice in jeopardy is "a fundamental ideal in our constitutional heritage” (Benton v Maryland, 395 US 784, 794), the Supreme Court has stated that a traditional waiver analysis is not appropriate in determining whether a retrial is permissible (see, United States v Dinitz, 424 US, at p 609, supra). Consent to a mistrial allows a retrial regardless of whether defendant knowingly waived the right not to be prosecuted twice (see, id., n 11; United States v Bobo, 586 F2d 355, 363-365, cert denied sub nom. Rowan v United States, 440 US 976). Accordingly, numerous courts have held that there is no requirement that the Trial Judge obtain the personal consent of the defendant to a mistrial or scrutinize whether the attorney has consulted with the defendant (see, United States v Smith, 621 F2d, at p 352, n 3, supra; United States v Bobo, 586 F2d, at pp 363-365, 366, supra; Adkins v Bordenkircher, 517 F Supp 390, 400-403, affd 674 F2d 279, 282-283; United States v Rathburn, 472 F Supp 17; State v Fitzpatrick, 676 SW2d 831, 837 [Mo]; Rios v State, 557 SW2d 87 [Tex Ct Crim App]; People v Moore, 146 Cal App 3d 508, 189 Cal Rptr 487, 489-491; Adkins v Smith, 197 So 2d 865 [Fla Ct App], writ of cert discharged 205 So 2d 530; People v Rosen, 136 Mich *390 App 745, 358 NW2d 584, 589-590). In several of these cases, as here, the defendant was not present when the mistrial was discussed or declared (see, Adkins v Bordenkircher, supra; People v Moore, supra; Adkins v Smith, supra; see also, Anderson v United States, 481 A2d 1299 [DC Ct App]; State v Fedette, 462 A2d 17 [Me]).
These holdings are consistent with the proper role of the attorney and the client. While defendant has a fundamental right to counsel and a fundamental right to represent himself, he has no right to "hybrid” representation (People v Mirenda, 57 NY2d 261, 265-266, n). Thus, a defendant who has a lawyer relegates control of much of the case to the lawyer except as to certain fundamental decisions reserved to the client (see, People v Jordan, 96 AD2d 1060, 1061, affd 62 NY2d 825). In Jones v Barnes (463 US 745), the Supreme Court denoted such fundamental decisions as deciding whether to plead guilty, whether to waive a jury, whether to testify at trial, and whether to take an appeal (id., at p 751; citing ABA Standards on Criminal Justice, Defense Function, Standard 4-5.2 [2d ed]).
We need not decide whether this list is exhaustive, as we do not equate a decision of whether to consent to a mistrial with the type of decisions set forth in Barnes. There is an inherent duality in requesting or consenting to a mistrial: the defendant gives up his right to be tried by a particular tribunal, and subjects himself to a second trial, yet also avoids a verdict in a trial which may have been proceeding very poorly for him. Whether a mistrial is in a defendant’s best interest requires an evaluation of the case, analysis of the evidence, recognition of potential harm to defendant’s case from any errors or inappropriate remarks which may have occurred, and consideration of whether a more favorable jury is likely at a retrial and whether delay is likely to help or harm the defendant’s case. As has been recognized by other courts addressing this issue, such factors make the decision as to a mistrial an appropriate one for the lawyer, not the client (see, State v Fitzpatrick, 676 SW2d, at pp 836-838, supra; Rios v State, 557 SW2d, at pp 90-91, supra; People v Moore, 146 Cal App 3d, at pp 511-514, 189 Cal Rptr, at pp 489-491, supra). *
As defendant’s personal consent to the mistrial is not neces *391 sary, and the decision of whether to consent is to be made by the attorney, retrial was permissible here despite the defendant’s absence at the time the mistrial was declared and his lack of participation in the decision.
We have considered defendant’s remaining contentions and find them to be unpreserved or without merit.
Accordingly, the order of the Appellate Division should be affirmed.
Judges Meyer, Simons, Kaye, Alexander and Titone concur; Judge Hancock, Jr., taking no part.
Order affirmed.

 It would seem preferable, of course, for the lawyer to consult with the client, in court, before making such a decision. We are limited here, however, to the constitutional issue, and we hold only that for purposes of double jeopardy there was consent to the mistrial.