■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SILVANO NICCOLICH, Appellant. [631 NYS2d 922] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J., at trial; Robinson, J., at sentencing), rendered June 2, 1994, convicting him of attempted arson in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Following a three-week trial and the submission of the case to the jury, the trial court declared a mistrial over the defendant's objection when one of the deliberating jurors became ill. On appeal, the defendant contends that the trial court's declaration of a mistrial was not supported by "manifest necessity" (United States v Perez, 9 Wheat [22 US] 579, 580), and that the termination of the trial without his consent triggered the double jeopardy bar against re-prosecution. We agree.

The record reveals that the jury was charged and commenced deliberations on Wednesday, October 13, 1993. On the following day, Juror No. 12 informed the court that he was ill and had been vomiting all morning. With the consent of both the prosecutor and defense counsel, the court permitted all of the

jurors to return to their homes for the night, advising them that Juror No. 12 was ill, and instructing them to return in the morning.

When the court reconvened on the morning of Friday, October 15, 1993, the court clerk stated that he had received a telephone call from Juror No. 12, who indicated that he was still ill and unable to appear, but was "trying to get a doctor's appointment for today". Although the defense counsel urged the court to grant a continuance until Monday in order to obtain further information about Juror No. 12's condition and ascertain when he would be able to resume service, the Trial Judge declared a mistrial over the defendant's objection, concluding that it would be unfair to sequester the remaining jurors over the weekend without any assurance that Juror No. 12 would be able to return to court on Monday. The People subsequently sought to retry the defendant, and he ultimately agreed to plead guilty to attempted arson in the second degree in satisfaction of the indictment.

It is well settled, of course, that a plea of guilty does not foreclose a double jeopardy challenge (see, Menna v New York, 423 US 61). When a court declares a mistrial without obtaining the defendant's consent, the double jeopardy provisions of the State and Federal Constitutions prohibit retrial for the same crime unless "there is a manifest necessity for [the mistrial], or the ends of public justice would otherwise be defeated" (United States v Perez, supra, at 580; see also, People v Michael, 48 NY2d 1, 9). While a reviewing court will be hesitant to interfere with the discretion exercised by the Trial Judge, who is "in the best position to determine whether a mistrial is in fact necessary in a particular case" (People v Michael, supra, at 9; Matter of Grant v Kreindler, 162 AD2d 531) the trial court's discretion is not without limits (see, Matter of Enright v Siedlecki, 59 NY2d 195, 200). The court has the duty to consider alternatives to a mistrial and obtain enough information so that it is clear that a mistrial is actually necessary (see, United States v Jorn, 400 US 470, 478; People v Ferguson, 67 NY2d 383, 388).

Applying these principles to the case before us, we find that the trial court improvidently exercised its discretion in declaring a mistrial. Here, defense counsel urged the court to consider the reasonable alternative of a weekend continuance, which may well have provided Juror No. 12 with a sufficient respite to recover from his illness, or given the court the opportunity to obtain more definite information about his condition. While such a delay in deliberations might have proved in-

convenient for the remaining jurors, it is well settled that a mistrial "founded solely upon the convenience of the court and the jury is certainly not manifestly necessary" *(People v Michael, supra,* 48 NY2d, at 9), and the record is devoid of any indication that the delay in deliberations had caused the remaining jurors to become biased against the defendant, or otherwise impaired their ability to reach a fair verdict. Under these circumstances, we conclude that the defendant was deprived of his " 'valued right to have his trial completed by a particular tribunal' " *(Illinois v Somerville,* 410 US 458, 466; *Wade v Hunter,* 336 US 684, 689), and, accordingly, reprosecution of the defendant is barred by double jeopardy, and the indictment must be dismissed *(see, People v Ferguson, supra,* 67 NY2d 383; *People v Michael, supra,* 48 NY2d 1; *see also, Dunkerley v Hogan,* 579 F2d 141, *cert denied* 439 US 1090). Sullivan, J. P., Rosenblatt, Thompson and Ritter, JJ., concur.