■ In the Matter of JUDAH MALTZ, on Behalf of LARRY YOUNG, Petitioner, v JOHN J. CLABBY et al., Respondents. [646 NYS2d 147] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, *inter alia,* to prohibit the respondents from retrying the petitioner under Queens County Indictment No. 12922/94 on the ground of double jeopardy.

Adjudged that the petition is granted, without costs or disbursements, and the indictment is dismissed.

Following the four-day joint trial of the petitioner Larry Young and codefendant Jose Villareal and the submission of the case to the jury, the trial court declared a mistrial over the defendants' objections when a scheduling conflict arose between the jury's deliberations and the religious holidays of Passover and Easter. In this proceeding pursuant to CPLR

article 78, the petitioner contends that the trial court's declaration of a mistrial was not supported by "manifest necessity" and that the termination of the trial without his consent triggered the double jeopardy bar against reprosecution. We agree.

The record reveals that the jury was charged and commenced deliberations on April 2, 1996. On April 3, 1996, while still deliberating, the jury sent a note to the court requesting that three jurors be allowed to leave at 2:00 P.M. in observance of Passover. The court also received a second note from the jury requesting a readback of the testimony of Detective Maldonado, which, it was determined, would take at least three hours. The court also received a note stating that one of the jurors had nonrefundable plane tickets to Florida on Saturday, April 6, 1996, to return on Thursday, April 11. Later, the court received another note stating that the jury would deliberate on Thursday April 4 and Friday April 5, 1996, for half days during Passover and Good Friday.

Upon discussion, counsel for the codefendant Jose Villareal stated that her preference would be for the jury to deliberate half days on Thursday and Friday. Over both defense counsels' objections, the trial court declared a mistrial on the ground that it was manifestly impossible to go forward.

It is well settled that a mistrial "founded solely upon the convenience of the court and the jury is certainly not manifestly necessary" *(People v Michael,* 48 NY2d 1, 9; *see also, People v Niccolich,* 220 AD2d 461). Here, the trial court's refusal to continue deliberations on Thursday, April 4 and Friday, April 5, 1996, constituted an improvident exercise of discretion. Under these circumstances, we conclude that it was not necessary to declare a mistrial at the time that decision was made. Hence, the retrial of the petitioner is barred by double jeopardy, and the indictment must be dismissed. O'Brien, J. P., Ritter, Pizzuto and Altman, JJ., concur.