■ In the Matter of ROBERT C. NEWMAN, on Behalf of MICHAEL TURNER, Petitioner, v MICHAEL BRENNAN et al., Respondents. [767 NYS2d 867]—

Proceeding pursuant to CPLR article 78 in the nature of pro-

hibition, inter alia, to prohibit the respondents from retrying Michael Turner, the defendant in a criminal action entitled *People v Turner*, pending under Kings County Indictment No. 2089/02.

Adjudged that the petition is granted, without costs or disbursements, and the indictment is dismissed.

Michael Turner was charged with criminal possession of a controlled substance in the third and fourth degrees and lesser, related offenses. Jury selection began on June 2, 2003, and continued until June 4, 2003. The People began presenting their case on June 4, 2003, and continued on June 5, 2003. The trial was adjourned on Friday, June 6, 2003, so that a juror and one of the prosecutors could observe the Jewish holiday of Shavuoth. On Monday, June 9, 2003, and Tuesday, June 10, 2003, the trial was adjourned because the trial judge sustained a leg injury. On Wednesday morning, June 11, 2003, the trial court declared a mistrial over the defendant's objection because one juror had a business meeting that afternoon, another juror had plane tickets for a trip to Las Vegas from Thursday, June 12, 2003, to Sunday, June 15, 2003, and the sole alternate juror already had been excused because he had travel plans. According to the trial court, there was insufficient time to complete the trial and reach a verdict before the jurors had to leave, and the court did not want them "to rush this trial to judgment."

It is well settled that when a court declares a mistrial without obtaining the defendant's consent the double jeopardy provisions of the State and Federal Constitutions prohibit a second trial for the same crime unless "there is a manifest necessity for [the mistrial], or the ends of public justice would otherwise be defeated" (*United States v Perez,* 22 US 579, 580 [1824]; *see People v Michael,* 48 NY2d 1, 9 [1979]). It is equally well settled that a mistrial "founded solely upon the convenience of the court and the jury is certainly not manifestly necessary" (*People v Michael, supra* at 9).

Here, the trial court's failure to consider any reasonable alternatives, including a brief adjournment, constituted an improvident exercise of discretion. Moreover, there was no evidence in the record that the jurors were unwilling to deliberate or that any delay in the deliberations would impair their ability to render an impartial verdict. Under these circumstances, it was not necessary to declare a mistrial at the time the decision was made. Thus, the retrial of the petitioner is barred by the prohibition against double jeopardy, and the indictment must be dismissed (*see Matter of Maltz v Clabby,* 229 AD2d 580 [1996]; *People v Niccolich,* 220 AD2d 461 [1995]). Ritter, J.P., Florio, Smith and H. Miller, JJ., concur.