■ In the Matter of MILTON COHEN, Appellant, v STEPHEN A. LOTTO et al., Respondents. [797 NYS2d 106]—

In a proceeding pursuant to CPLR article 78 in the nature of prohibition to bar the retrial of the petitioner in an action entitled *People v Cohen,* pending in the District Court, Suffolk

County, under docket No. 2002SU-053164, on the ground that retrial would violate his right not to be twice placed in jeopardy for the same offense, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Emerson, J.), dated October 25, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, and the retrial of the petitioner in the action entitled *People v Cohen* is prohibited.

The Supreme Court erred in denying the petition on the ground that the petitioner could obtain review of his double jeopardy claim on a direct appeal in the event he is convicted. While a double jeopardy claim may be reviewed on a direct appeal from a judgment of conviction (*see People v Reed*, 2 AD3d 463 [2003]), "prohibition lies to restrain violations of both statutory and constitutional double jeopardy rights" (*Matter of Corbin v Hillery*, 74 NY2d 279, 285 n 3 [1989], *affd sub nom. Grady v Corbin*, 495 US 508 [1990]; *see Hall v Potoker*, 49 NY2d 501, 505 n 1 [1980]; *Matter of Aldridge v Kelly*, 157 AD2d 716, 717 [1990]; *Matter of Chang v Rotker*, 155 AD2d 49, 53 [1990]). "[W]hen a defendant is about to be prosecuted in violation of his constitutional right against double jeopardy, . . . the harm that he would suffer—prosecution for a crime for which he cannot constitutionally be tried—is so great and the ordinary appellate process so inadequate to redress that harm, that prohibition will lie to raise the claim" (*Matter of Rush v Mordue*, 68 NY2d 348, 354 [1986]).

The Supreme Court erred in denying the petition. The Double Jeopardy clauses of the state and federal constitutions protect an accused from multiple prosecutions for the same offense. In a jury trial, once the jury is empaneled and sworn, jeopardy attaches (*see* CPL 40.30 [1] [b]). A defendant has a " 'valued right to have his trial completed by a particular tribunal' " (*People v Ferguson*, 67 NY2d 383, 388 [1986], quoting *Illinois v Somerville*, 410 US 458, 466 [1973]). "Where a mistrial is granted without the consent or over the objection of a defendant, retrial is barred by double jeopardy protections unless there was manifest necessity for the mistrial or the ends of public justice would be defeated" (*People v Ferguson, supra* at 388 [internal quotation marks omitted]). "In determining whether such manifest necessity exists, there must be a high degree of necessity before concluding that a mistrial is appropriate, *i.e.*, the reasons underlying the grant of a mistrial must be 'necessitous, actual and substantial' " (*Matter of Kleigman v Justices of*

*Supreme Ct., Kings County,* 285 AD2d 646, 647 [2001], quoting *Matter of Enright v Siedlecki,* 59 NY2d 195, 200 [1983]). "Even if the reasons for granting a mistrial are deemed actual and substantial, the court must explore all appropriate alternatives prior to granting a mistrial" (*Matter of Pronti v Allen,* 13 AD3d 1034, 1036 [2004]; *see Matter of Newman v Brennan,* 2 AD3d 447 [2003]).

Here, manifest necessity did not support the granting of the prosecution's motion for a mistrial. Although irregularities in the jury selection process resulted in logistical difficulties, the problems could have been cured before the jury was sworn, either by the declaration of a mistrial which would not have implicated the petitioner's double jeopardy rights (*see People v Singh,* 190 AD2d 640 [1993]), or by the selection of additional jurors. The belated disclosure of one juror's possible work conflict likewise did not necessitate a mistrial as the court did not consider the possibility of an adjournment (*see People v Michael,* 48 NY2d 1, 9 [1979]; *see also, Matter of Maltz v Clabby,* 229 AD2d 580 [1996]; *Matter of Wilson v Chesworth,* 96 AD2d 742 [1983]). As such, the declaration of a mistrial was not manifestly necessary and retrial was barred (*Matter of Newman v Brennan, supra; Matter of Maltz v Clabby, supra*).

The respondents' remaining contentions are without merit. S. Miller, J.P., Krausman, Fisher and Lifson, JJ., concur.