■ In the Matter of ERIC TAYLOR, Petitioner, v DEBORAH A. DOWLING et al., Respondents. [968 NYS2d 556]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents from retrying the petitioner in a criminal action entitled *People v Taylor*, pending in the Supreme Court, Kings County, under indictment No. 69/11, on the ground that retrial would violate his constitutional right not to be twice placed in jeopardy for the same offense.

Adjudged that the petition is granted, on the law, without costs or disbursements, and the respondents are prohibited from retrying the petitioner in the criminal action entitled *People v Taylor*, pending under Kings County indictment No. 69/11.

The petitioner, Eric Taylor, was charged under Kings County indictment No. 69/11 with attempted murder in the second degree, attempted assault in first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, following an incident where the petitioner stabbed the complainant multiple times with a pocket knife. During voir dire, the Supreme Court read and defined the counts of the indictment for each panel of prospective jurors. At the jury trial, the complainant testified that he was unarmed when the petitioner punched and stabbed him with a pocket knife. By

contrast, the petitioner testified that the complainant first punched him and approached him with a knife and, thereafter, he stabbed the complainant in self-defense.

At the close of the evidence, the Supreme Court granted the petitioner's motion to dismiss the count of attempted murder in the second degree on the ground that the evidence was legally insufficient to support it; however, the jury was not advised of this determination. The court, however, warned the petitioner's trial counsel that it would declare a mistrial if, in his summation, he referred to the court's determination to dismiss that count, or argued that the evidence was insufficient to support it.

During his summation, the petitioner's trial counsel argued that the complainant had a motive to lie about who initiated the altercation because, according to the petitioner's account, it was the complainant who would "have been the one placed under arrest for attempted murder." Over the objection of the petitioner's trial counsel, the Supreme Court, sua sponte, declared a mistrial on the ground that counsel had ignored its earlier warning and violated its directive. The court determined that this violation by the petitioner's trial counsel could not be remedied by a curative instruction because the warning had been designed to avoid reminding the jury that the petitioner had originally been charged with attempted murder in the second degree, and that further discussion of the dismissed count would only reinforce the prejudice to the People.

After a retrial was scheduled, the petitioner commenced the instant proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents from retrying him.

The double jeopardy clauses of the New York and United States Constitutions protect a defendant from twice being put in jeopardy of criminal prosecution for the same offense (*see* US Const 5th Amend; NY Const, art I, § 6; *Matter of Davis v Brown,* 87 NY2d 626, 629-630 [1996]; *People v Baptiste,* 72 NY2d 356 [1988]; *Matter of Smith v Brown,* 105 AD3d 965, 967 [2013]; *Matter of Morris v Livote,* 105 AD3d 43, 47 [2013]). In a jury trial, once the jury is empaneled and sworn, jeopardy attaches (*see* CPL 40.30 [1] [b]; *People v Ferguson,* 67 NY2d 383 [1986]), and the defendant has a "valued right to have his [or her] trial completed by a particular tribunal" (*Matter of Smith v Marrus,* 33 AD3d 708, 709 [2006] [internal quotation marks omitted]; *see Illinois v Somerville,* 410 US 458, 463 [1973]; *Matter of Smith v Brown,* 105 AD3d at 967).

" '[W]hen a mistrial is granted over the defendant's objection or without the defendant's consent, double jeopardy will, as a

general rule, bar retrial' " (*People v Hambrick*, 96 AD3d 972, 973 [2012], quoting *Matter of Davis v Brown*, 87 NY2d at 630; *see Matter of Enright v Siedlecki*, 59 NY2d 195, 199-200 [1983]). "However, the right to have one's case decided by the first empaneled jury is not absolute, and a mistrial granted as the product of manifest necessity will not bar a retrial" (*Matter of Rubenfeld v Appelman*, 230 AD2d 911, 911 [1996]; *see Matter of Davis v Brown*, 87 NY2d at 630; *Matter of Enright v Siedlecki*, 59 NY2d at 199-200). A mistrial declaration under the statutory provisions likewise requires a determination of manifest necessity (*see* CPL 280.10 [2], [3]; *Matter of Enright v Siedlecki*, 59 NY2d at 200).

"Manifest necessity" means "a high degree of necessity"; "the reasons underlying the grant of a mistrial must be necessitous, actual and substantial" (*Matter of Cohen v Lotto*, 19 AD3d 485, 486 [2005] [internal quotation marks omitted]; *see Arizona v Washington*, 434 US 497, 505 [1978]; *Matter of Enright v Siedlecki*, 59 NY2d at 200). " 'Even if the reasons for granting a mistrial are deemed actual and substantial, the court must explore all appropriate alternatives prior to granting a mistrial' " (*Matter of Cohen v Lotto*, 19 AD3d at 487, quoting *Matter of Pronti v Allen*, 13 AD3d 1034, 1036 [2004]; *Matter of Rubenfeld v Appelman*, 230 AD2d at 912). Mistrials premised on the prejudicial effect of improper evidence or argument are entitled to "great deference" (*Arizona v Washington*, 434 US at 514), since "the Trial Judge, better than any other, . . . can detect the ambience of partiality" (*People v Michael*, 48 NY2d 1, 10 [1979]; *see Matter of Enright v Siedlecki*, 59 NY2d at 200-201; *People v Hambrick*, 96 AD3d at 974). Nonetheless, the trial judge must "temper the decision whether or not to abort the trial by considering the importance to the defendant of being able, once and for all, to conclude his [or her] confrontation with society through the verdict of a tribunal he [or she] might believe to be favorably disposed to his [or her] fate" (*Arizona v Washington*, 434 US at 514 [internal quotation marks omitted]).

Here, the trial court improvidently exercised its discretion in determining that a mistrial was a manifest necessity. During summation, the petitioner's trial counsel did not violate the trial court's directive to refrain from referencing the dismissed count of attempted murder in the second degree. In any event, even if the reasons for granting a mistrial are deemed actual and substantial, as stated previously, the trial court must explore appropriate alternatives, and provide a sufficient basis in the record for resorting to this "drastic measure" (*Matter of*

*Capellan v Stone*, 49 AD3d 121, 126 [2008]; *see Matter of Smith v Brown*, 105 AD3d at 967; *Matter of Morris v Livote*, 105 AD3d at 47; *Matter of Cohen v Lotto*, 19 AD3d at 486-487; *cf. People v Blunt*, 273 AD2d 146 [2000]; *Matter of Maynard v Wait*, 246 AD2d 853, 854 [1998]). Counsel's statement did not cause significant and irreparable prejudice to the People, as the jury was aware that the petitioner was initially charged with attempted murder in the second degree, and reference was made to that count during the trial.

The record indicates that the trial court failed to evaluate the actual harm caused by the subject reference or seriously consider whether a curative instruction would have been an appropriate alternative. The respondents' contentions that the People would have been prejudiced by a curative instruction referring to the dismissed count are not persuasive.

"[W]hen a defendant is about to be prosecuted in violation of his [or her] constitutional right against double jeopardy, we have concluded that the harm that he [or she] would suffer— prosecution for a crime for which he [or she] cannot constitutionally be tried—is so great and the ordinary appellate process so inadequate to redress that harm, that prohibition will lie to raise the claim" (*Matter of Rush v Mordue*, 68 NY2d 348, 354 [1986]; *see Matter of Cohen v Lotto*, 19 AD3d at 486). Under the circumstances of this case, the trial court was not justified in concluding that there were no acceptable alternatives to a mistrial. Accordingly, there is an insufficient basis in the record for the declaration of a mistrial and, thus, retrial is precluded. Rivera, J.P., Leventhal, Sgroi and Cohen, JJ., concur.