■ In the Matter of ESTEVAN GENTIL, Petitioner, v IRA MARGULIS et al., Respondents. [993 NYS2d 115]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents from retrying the petitioner on counts two and three of the indictment in a criminal action entitled *People v Gentil*, pending in the Supreme Court, Queens

County, under indictment No. 623/12, on the ground that to do so would subject him to double jeopardy.

Adjudged that the petition is granted, on the law, without costs or disbursements, and the respondents are prohibited from retrying the petitioner on counts two and three in the criminal action entitled *People v Gentil*, pending under Queens County indictment No. 623/12.

The defendant was charged with two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and one count of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), and these charges were tried before a jury. After approximately 1½ days of deliberations, the jury sent a note to the Trial Justice stating that it was unable to reach a verdict on counts two and three. The defendant requested that the Supreme Court accept a partial verdict on count one, but the court denied this request and instructed the jury to continue deliberating. The following day, one of the jurors informed the court that there had been an emergency in his family and that he did not feel that he was able to give the deliberations his full attention. After a colloquy between the juror and the court, and at the court's urging, the defendant moved to discharge this juror. The defendant also renewed his request that the court accept a partial verdict. The court again declined to accept a partial verdict. The court granted the motion to discharge the juror. Noting that the defendant had declined to consent to the substitution of one of the alternate jurors, the court, on its own motion, immediately declared a mistrial. Thereafter, the defendant moved to dismiss the indictment, contending that the Supreme Court erred in declining to accept a partial verdict, and that retrial of the indictment as a whole subjected him to double jeopardy. The court agreed that it erred in declining to accept a partial verdict as to count one, but dismissed only that count of the indictment, finding that, under these circumstances, retrial of counts two and three were not barred by double jeopardy principles.

The defendant commenced this proceeding pursuant to CPLR article 78 seeking relief in the nature of prohibition to prohibit the respondents from retrying him on counts two and three of the indictment on the ground that to do so would subject him to double jeopardy.

In reviewing an application for prohibition, the first question is whether the issue presented is the type for which the remedy of prohibition lies (*see Matter of Holtzman v Goldman*, 71 NY2d 564, 568 [1988]; *Matter of Brown v Blumenfeld*, 103 AD3d 45, 55 [2012]; *Matter of Brown v Blumenfeld*, 89 AD3d 94, 102

[2011]; *Matter of Vinluan v Doyle*, 60 AD3d 237, 243 [2009]). If prohibition lies, then this Court must consider whether to exercise its discretion to grant that remedy (*see Matter of Brown v Blumenfeld*, 103 AD3d at 55). Prohibition is the traditional remedy where a defendant seeks protection against double jeopardy (*see Matter of Enright v Siedlecki*, 59 NY2d 195, 198 n 1 [1983]; *Matter of Di Lorenzo v Murtagh*, 36 NY2d 306, 309-310 [1975]; *Matter of Kraemer v County Ct. of Suffolk County*, 6 NY2d 363, 365 [1959]), and the writ lies in this case.

The double jeopardy clauses of the New York and United States Constitutions protect a defendant from twice being put in jeopardy of criminal prosecution for the same offense (*see* US Const 5th Amend; NY Const, art I, § 6; *Matter of Davis v Brown*, 87 NY2d 626, 629-630 [1996]; *Matter of Taylor v Dowling*, 108 AD3d 566, 567 [2013]). In a jury trial, once the jury is empaneled and sworn, jeopardy attaches (*see* CPL 40.30 [1] [b]; *People v Ferguson*, 67 NY2d 383 [1986]), and the defendant has a valued right to have his or her trial completed by a particular tribunal (*see Matter of Taylor v Dowling*, 108 AD3d at 567; *Matter of Smith v Marrus*, 33 AD3d 708, 709 [2006]).

When a mistrial is granted over the defendant's objection or without the defendant's consent, double jeopardy will, as a general rule, bar retrial (*see Matter of Davis v Brown*, 87 NY2d at 630; *Matter of Taylor v Dowling*, 108 AD3d at 567-568; *People v Hambrick*, 96 AD3d 972, 973 [2012]). However, the right to have one's case decided by the first empaneled jury is not absolute, and a mistrial granted as the product of manifest necessity will not bar a retrial (*see Matter of Davis v Brown*, 87 NY2d at 630; *Matter of Taylor v Dowling*, 108 AD3d at 568; *Matter of Rubenfeld v Appelman*, 230 AD2d 911, 911 [1996]). " 'Manifest necessity' means 'a high degree of necessity'; 'the reasons underlying the grant of a mistrial must be necessitous, actual and substantial' " (*Matter of Taylor v Dowling*, 108 AD3d at 568, quoting *Matter of Cohen v Lotto*, 19 AD3d 485, 486 [2005]; *see Arizona v Washington*, 434 US 497, 505 [1978]; *Matter of Enright v Siedlecki*, 59 NY2d at 200). Even if the reasons for declaring a mistrial are deemed actual and substantial, the court must explore all appropriate alternatives prior to declaring a mistrial (*see Matter of Taylor v Dowling*, 108 AD3d at 568; *Matter of Cohen v Lotto*, 19 AD3d at 487).

Here, the trial court failed to explore all appropriate alternatives before declaring, on its own motion, a mistrial (*see Matter of Smith v Brown*, 105 AD3d 965, 967-968 [2013]; *see generally People v Gajadhar*, 9 NY3d 438 [2007]; *Matter of Enright v Siedlecki*, 59 NY2d at 200; *Matter of Taylor v Dowling*, 108

AD3d at 568; *Matter of Cohen v Lotto,* 19 AD3d at 487; *Matter of Robles v Bamberger,* 219 AD2d 243 [1996]). Accordingly, there was no manifest necessity for the declaration of a mistrial and, thus, retrial on counts two and three of the indictment is precluded. Balkin, J.P., Dickerson, Leventhal and Roman, JJ., concur.