■ In the Matter of JOSEPH ROEY, Also Known as JOHN WASH, Petitioner v CHARLES S. LOPRESTO et al., Respondents. [998 NYS2d 91]—

Proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to bar the retrial of the petitioner in an action entitled *People v Roey*, pending in the Supreme Court, Queens County, under indictment No. 2032/12, on the ground that retrial would subject him to double jeopardy.

Adjudged that the petition is denied, without costs or disbursements, and the proceeding is dismissed on the merits.

The petitioner was charged under Queens County indictment No. 2032/12 with, among other things, criminal possession of a weapon in the second degree, following an incident in which police officers allegedly recovered a stolen firearm from his person. Counsel was assigned and the case proceeded to trial. After the jury was sworn, but before opening statements were made and before any testimony was offered, the Supreme Court was informed of a conflict that would prevent assigned counsel from continuing to represent the defendant. Counsel, after considering the conflict and the consequences that could follow if he continued as defense attorney, moved to be relieved. The Supreme Court granted the application and assigned the petitioner a new attorney. When asked if he was ready to proceed with the trial, the petitioner's new attorney stated that he was not and that he would need a continuance of "at least" two months.

After noting the delays that had already occurred during the jury selection process and the issues that were arising regarding the jurors' ability to attend court every day, and after asking both parties for alternatives to declaring a mistrial, the Supreme Court concluded that there were no reasonable alternatives and, on its own motion and over objection from the newly assigned defense attorney, declared a mistrial. The petitioner then commenced the instant proceeding pursuant to CPLR article 78 to prohibit the respondents from retrying him on the ground that to do so would subject him to double jeopardy.

The double jeopardy clauses of the New York State and United States Constitutions protect an accused from multiple prosecutions for the same offense (*see* US Const Amend V; NY Const, art I, § 6; *People v Baptiste*, 72 NY2d 356 [1988]; *Matter of Morris v Livote*, 105 AD3d 43 [2013]; *Matter of Taylor v Dowling*, 108 AD3d 566, 567 [2013]). "In a jury trial, once the jury is empaneled and sworn, jeopardy attaches, and the defendant has a 'valued right to have his trial completed by a particular tribunal' " (*Matter of Smith v Marrus*, 33 AD3d at 709, quoting *People v Ferguson*, 67 NY2d 383, 388 [1986] [internal quotation

marks and citations omitted]; *see* CPL 40.30 [1] [b]; *Matter of Taylor v Dowling*, 108 AD3d at 567; *Matter of Smith v Brown*, 105 AD3d 965, 967 [2013]).

When a mistrial is granted over the defendant's objection or without the defendant's consent, a retrial is precluded unless " 'there was manifest necessity for the mistrial or the ends of public justice would be defeated' " (*Matter of Smith v Marrus*, 33 AD3d at 709, quoting *People v Ferguson*, 67 NY2d at 388; *see United States v Perez*, 22 US 579, 580 [1824]; *Matter of Smith v Brown*, 105 AD3d at 967). "Manifest necessity" means a " 'high degree of necessity' " based on reasons that are " 'actual and substantial' " (*Matter of Taylor v Dowling*, 108 AD3d at 568, quoting *Matter of Cohen v Lotto*, 19 AD3d 485, 486 [2005]; *see Arizona v Washington*, 434 US 497, 505 [1978]). Moreover, before declaring a mistrial, a court must explore all appropriate alternatives and must provide a sufficient basis in the record for resorting to this "drastic measure" (*Matter of Capellan v Stone*, 49 AD3d 121, 126 [2008]; *see Matter of Taylor v Dowling*, 108 AD3d at 568; *Matter of Cohen v Lotto*, 19 AD3d at 486).

Here, we reject the petitioner's contention that a mistrial was not manifestly necessary under the circumstances. When questioned, the newly appointed defense attorney indicated that he would need "at least" two months to adequately prepare his defense. Under these circumstances, and considering the issues described in detail on the record regarding the jurors' ability to continue to attend court, the Supreme Court was justified in concluding that there was no acceptable alternative to a mistrial (*see Matter of Enright v Siedlecki*, 59 NY2d 195, 202 [1983]). Contrary to the petitioner's suggestion, the Supreme Court, under the particular circumstances presented here, could not reasonably be required to order a continuance for "at least" two months (*see Matter of Enright v Siedlecki*, 59 NY2d at 202; *Matter of Romero v Justices of Supreme Ct., Queens County*, 237 AD2d 292, 293 [1997]; *cf. People v Michael*, 48 NY2d 1 [1979]).

Accordingly, the petition is denied and the proceeding is dismissed on the merits. Balkin, J.P., Leventhal, Sgroi and Barros, JJ., concur.