Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents from retrying the petitioner in a criminal action entitled People v Jose Palacios, pending in the County Court, Nassau County, under indictment No. 413N/16, on the ground that to do so would subject him to double jeopardy.
 

 Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.
 

 The petitioner was charged with course of sexual conduct against a child in the second degree and predatory sexual assault against a child, and the case proceeded to trial. After the jury was sworn, but before opening statements were made and before any testimony was offered, the prosecutor requested three consecutive continuances, as the complainant and her mother could not be located. On the fourth day, a Sirois hearing (see People v Sirois, 92 AD2d 618 [1983]) was held and the trial court subsequently determined that there was no clear and convincing evidence that the petitioner was responsible for or had acquiesced to the witnesses’ unavailability.
 

 The prosecutor then moved for a mistrial pursuant to CPL 280.10 (2) on the ground that the case against the petitioner was irreparably prejudiced due to the gross misconduct of an individual acting on the petitioner’s behalf. Based on its findings from the Sirois hearing, the trial court ruled that the mother of the complainant had committed gross misconduct on behalf of the petitioner and, thus, declared a mistrial over the petitioner’s objection and ordered that a new trial be held. The petitioner then commenced the instant proceeding pursuant to CPLR article 78 to prohibit the respondents from retrying him on the ground that to do so would subject him to double jeopardy.
 

 “Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court — in cases where judicial authority is challenged — acts or threatens to act either without jurisdiction or in excess of its authorized powers” (Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988]). “The primary function of prohibition is to prevent ‘an arrogation of power in violation of a person’s rights, particularly constitutional rights’ ” (Matter of Vinluan v Doyle, 60 AD3d 237, 244 [2009], quoting Matter of Nicholson v State Commn. on Jud. Conduct, 50 NY2d 597, 606 [1980]), and is, therefore, the “traditional remedy” where a defendant seeks protection against double jeopardy (Matter of Kraemer v County Ct. of Suffolk County, 6 NY2d 363, 365 [1959]).
 

 The Double Jeopardy Clauses of the New York State and United States Constitutions protect an accused from multiple prosecutions for the same offense (see US Const Amend V; NY Const, art I, § 6; People v Baptiste, 72 NY2d 356 [1988]; Matter of Taylor v Dowling, 108 AD3d 566, 567 [2013]; Matter of Morris v Livote, 105 AD3d 43 [2013]). “In a jury trial, once the jury is empaneled and sworn, jeopardy attaches, and the defendant has a ‘valued right to have his trial completed by a particular tribunal’ ” (Matter of Smith v Marrus, 33 AD3d 708, 709 [2006] [internal quotation marks and citations omitted], quoting People v Ferguson, 67 NY2d 383, 388 [1986]; see CPL 40.30 [1] [b]; Matter of Taylor v Dowling, 108 AD3d at 567; Matter of Smith v Brown, 105 AD3d 965, 967 [2013], revd on other grounds 24 NY3d 981, 983 [2014]).
 

 When a mistrial is granted over the defendant’s objection or without the defendant’s consent, a retrial is precluded unless “ ‘there was manifest necessity for the mistrial or the ends of public justice would be defeated’ ” (Matter of Smith v Marrus, 33 AD3d at 709, quoting People v Ferguson, 67 NY2d at 388; see United States v Perez, 22 US 579, 580 [1824]; Matter of Smith v Brown, 105 AD3d at 967). “ ‘Manifest necessity’ ” means a “ ‘high degree of necessity’ ” based on reasons that are “ ‘actual and substantial’ ” (Matter of Taylor v Dowling, 108 AD3d at 568, quoting Matter of Cohen v Lotto, 19 AD3d 485, 486 [2005]; see Arizona v Washington, 434 US 497, 505 [1978]). Moreover, before declaring a mistrial, a court must explore all appropriate alternatives and must provide a sufficient basis in the record for resorting to this “drastic measure” (Matter of Capellan v Stone, 49 AD3d 121, 126 [2008]; see Matter of Taylor v Dowling, 108 AD3d at 568; Matter of Cohen v Lotto, 19 AD3d at 486). Where a mistrial is premised upon the claimed unavailability of crucial prosecution evidence, including witnesses, the validity of that claim is subject to the “strictest scrutiny” since a prosecutor is not entitled to a mistrial merely to gain a more favorable opportunity to convict (see Arizona v Washington, 434 US at 508-509; Hall v Potoker, 49 NY2d 501, 506 [1980]).
 

 Here, the prosecutor made a sufficient showing that the unavailability of the 13-year-old complainant, who had absconded to an unknown location with her mother, could be factually attributed to some person acting on the petitioner’s behalf (see CPL 280.10 [2]; People v Boneta, 232 AD2d 573, 573-574 [1996]; Matter of Stanley v Justices of Supreme Ct., 214 AD2d 741 [1995]; Matter of Grant v Kreindler, 162 AD2d 531 [1990]). Moreover, the trial court properly gave the prosecutor additional time to find the witness and considered other alternatives, including the prosecutor’s application for leave to introduce at the trial the witness’s grand jury testimony.
 

 Accordingly, under the circumstances, the trial court properly exercised its discretion in granting a mistrial based upon manifest necessity and ordering a new trial (see CPL 280.10 [2]).
 

 Leventhal, J.P., Cohen, Hinds-Radix and Connolly, JJ., concur.