In the Matter of ROBERT BOASBERG, Petitioner, against WILLIAM H. MUNSON, as Justice of the Supreme Court of the State of New York, Respondent.— Memorandum: The general

exception to the charge of the court served no useful purpose and was improper. We may not, however, in the absence of facts evidencing an intent to defy the dignity and authority of the court, hold that the taking of such an exception constitutes a criminal contempt. Intent is a necessary element in criminal contempt (see *People ex rel. Bernstein* v. *La Fetra,* 171 App. Div. 269, 275, and *Matter of Rotwein [Goodman]*, 291 N. Y. 116, 122). In order to determine whether petitioner acted with such intent we may look only to the mandate of commitment wherein are recited the facts upon which the adjudication of contempt is based (*Matter of Douglas* v. *Adel,* 269 N. Y. 144, 146, 147). The mandate of commitment under consideration recites: "Whereas, at the conclusion of the Court's charge on this date the Court inquired of counsel as to whether or not they had any exceptions or requests, and Whereas, Robert Boasberg, of counsel for the plaintiff, stated in open court in the presence of the jury: 'No, I would just like to take a general exception'". No other facts or circumstances are recited in the mandate of commitment. It does not appear whether or not the response of counsel to the court's inquiry was made in an insolent tone or disrespectful manner (see *Matter of Rotwein [Goodman]*, 291 N. Y. 116, *supra*). The recital of facts in the mandate of commitment standing alone is not inconsistent with an innocent and respectful attitude on the part of the petitioner. While we have high regard for the judgment and integrity of the Trial Justice, nevertheless in our view of it, the mandate of commitment fails to recite facts sufficient to constitute a criminal contempt. All concur, except Vaughan and Van Duser, JJ., who dissent and vote for affirmance in the following memorandum by Vaughan, J., in which Van Duser, J., concurs: The petitioner, an attorney, brings this proceeding under article 78 of the Civil Practice Act to review an order of the respondent, a Justice of the Supreme Court, Erie County, summarily adjudging the petitioner guilty of a criminal contempt of court, and fining the petitioner the sum of $100. The duty of counsel to safeguard the interests of his client does not permit indulgence in contemptuous conduct. Following the taking of testimony in an action for damages for alleged malicious prosecution, the court charged the jury upon several propositions of law and issues of fact. The language of the charge clearly set forth the contentions of the respective parties and correctly advised the jury as to the applicable law. There was nothing in the charge which justified a general exception thereto. Plaintiff's counsel was not inexperienced in the trial of cases and must have known that a general exception was of no avail (*Rapee* v. *Beacon Hotel Corp.,* 293 N. Y. 196, 199; *Brozek* v. *Steinway Ry. Co.,* 161 N. Y. 63, 65). The court warned counsel that the taking of such an exception constituted contempt of court, pointing out that an exception of that character was worthless, and suggested that counsel direct his exceptions to those parts of the charge that he deemed improper and make such requests as he felt necessary to protect the interests of his client. However, counsel persisted on standing on his general exception. Such conduct, to my mind, constituted a gratuitous insult to the court and was contemptuous behavior directly tending to impair the respect due to the authority of the court. No purpose or intent can be found from petitioner's conduct other than to deliberately convey to the jury a suggestion that the court was not impartial or was incompetent. Such conduct we feel was deliberately contemptuous. (Review of action at Erie Trial Term adjudging petitioner to be guilty of contempt of court.) Present—McCurn, P. J., Vaughan, Piper, Wheeler and Van Duser, JJ.