■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL ZWEIG, Appellant.— Appeal from an order of the County Court, Suffolk County, dated March 19, 1969, which adjudged appellant in criminal contempt of court and imposed a sentence of 10 days in jail plus, alternatively, a fine of $200 or an additional 20 days in jail if the fine is not paid. Appellant has also moved in this court to stay execution of the sentence pending determination of this appeal. Order affirmed, without costs. Motion to stay execution of sentence denied, without costs. Having been subpoenaed to appear as a witness before the Suffolk County Grand Jury in connection with an investigation there pending, appellant appeared before that body. Soon after his interrogation started, he pleaded the Fifth Amendment and was then granted immunity. Thereafter, he testified in some detail concerning the matter under investigation, but then refused to identify other persons involved in certain incidents mentioned in his testimony. Appellant, accompanied by his attorney, was then brought before the County Court. After testimony by the Grand Jury stenographer as to what had transpired in the Grand Jury room, and an extended, thorough discussion between the court, counsel and appellant concerning the reasons for appellant's refusal to answer the questions (covering 62 pages of stenographic minutes), the court ruled that the questions, as reframed in a respect not here relevant, were proper and should be answered; and the court accordingly directed appellant to return to the Grand Jury room and there answer them. On his return to the Grand Jury room, appellant again refused to answer questions concerning the identity of the above-mentioned other persons, even though he was warned that his refusal might result in a contempt citation. He bottomed his refusal on a claim that those questions infringed his rights of free association and free speech and a "sort of common decency." Once again appellant, accompanied by his attorney, was brought before the County Court. There, the Grand Jury foreman and stenographer testified concerning the occurrences in the Grand

Jury room and, once again, there was extended discussion between the court, counsel and appellant (covering another 62 pages of stenographer's minutes) concerning the latter's refusal to answer the questions and his reasons therefor. Again, the court directed appellant to answer the questions; and, when he replied that it was not his present intention to answer them because he found them unconscionable, the court directed him to show cause forthwith why he should not be held in criminal contempt of court " in the view of this Court. For refusal to obey * * * [his] direction to answer these questions." The court then gave appellant's attorney 15 minutes to confer with his client. At the expiration of that time, the attorney informed the court that appellant did not intend to answer the questions, whereupon the court held appellant in contempt under sections 750 and 751 of the Judiciary Law, for refusing to answer the questions " in full view of this Court." This appeal is from the order adjudging appellant in contempt. The People urge that the order is not appealable and that the only way to review it is by a proceeding under article 78 of the CPLR. We disagree. It is true that section 752 of the Judiciary Law provides that a summary contempt adjudication is reviewable by an article 78 proceeding; and in *Matter of Douglas* v. *Adel* (269 N. Y. 144), *Matter of Goodman* v. *Sala* (268 App. Div. 826, mot. for lv. to app. dsmd. 293 N. Y. 761), *People* v. *Epps* (21 A D 2d 650, cert. den. 379 U. S. 940) and *People* v. *Longo* (30 A D 2d 828) it was held that summary punishment for a criminal contempt committed " in the immediate view and presence of the court," during a trial, is reviewable only by an article 78 proceeding and not by appeal. But the rationale of those cases (most of which involved contemptuous conduct during a trial) was that there ordinarily is no adequate record for review on a direct appeal from such a contempt adjudication, so that an article 78 proceeding ordinarily must be brought in order to create an adequate record for the appellate court. Moreover, section 752 of the Judiciary Law does not say that an article 78 proceeding is the *only* way to review a summary adjudication for criminal contempt; it merely says that such adjudication can be so reviewed, and several of the above-cited cases seem to indicate that such contempt adjudication may be reviewed by a direct appeal if a record has already been made which is adequate for appellate review. In the case at bar there clearly is a record adequate for appellate review, since the minutes of the proceedings before the County Court disclose that the relevant issues were thoroughly discussed and the reasons for appellant's refusal to answer were fully stated and explained. In addition, the parties agree that there is nothing more that they could state in an article 78 petition and answer that is not already in the record before us on this appeal. Hence, if we were to hold this contempt order nonappealable and were to relegate appellant to an article 78 proceeding, we would merely invite circuitous, redundant proceedings, which in our opinion are not required under existing law. Examining this question from another point of view, it may be noted that section 751 (subd. 1) of the Judiciary Law provides that, in other than summary proceedings, " the party charged [with contempt] must be notified of the accusation, and have a reasonable time to make a defense." There is no specific requirement as to the kind of notice required or the kind of hearing or proceeding at which the defense may be asserted. Thus, in *People* v. *Woodruff* (26 A D 2d 236, affd. 21 N Y 2d 848), in which a contempt proceeding against a Grand Jury witness who had disobeyed the court's direction to testify, because of religious scruples, was not instituted by an attachment or an order to show cause, the Appellate Division, in overruling an objection that this omission was a fatal defect, merely noted (at pp. 236–237) that the County Court had given the

contemnor a clear direction to testify, that she understood that direction and that she knowingly refused to obey it. And in *Matter of Koota* v. *Colombo* (17 N Y 2d 147, 151), where Grand Jury witnesses, who had been held in contempt for refusal to testify, complained that they had been subjected to "summary" treatment and had been denied an adequate opportunity to contest the propriety of the questions, the court held that the proceedings were neither "summary" nor "lacking in due process" because, *inter alia*, "appellants were afforded ample notice of the proceedings; they were represented by counsel, apprised of the relationship between their testimony and the purposes of the grand jury inquiry and given every opportunity to explain their contumacious behavior." In our opinion, what was said in *Koota* applies with equal force to the proceedings in the County Court in this case. As in *Koota*, the record at bar shows that the proceedings were not "summary" and that they fully met the section 751 requirements of due notice and a reasonable opportunity to make a defense. So considered, the contempt adjudication is appealable, as were those in *Koota* and *Woodruff*, and appellant need not be relegated to an article 78 proceeding (cf. *Matter of Douglas* v. *Adel*, 269 N. Y. 144, *supra*; *Matter of Goodman* v. *Sala*, 268 App. Div. 826, *supra*). In sum, we hold that this appeal is properly before us, whether the contempt adjudication be considered summary or nonsummary in nature. Turning to the merits, we find no substance in appellant's contentions (a) that he was entitled to have his attorney present in the Grand Jury room, since the law is to the contrary (*People* v. *Ianniello*, 21 N Y 2d 418); (b) that the questions were beyond the scope of the Grand Jury's inquiry, since the record shows that the inquiry was not limited in the manner urged by appellant and the law is that it cannot be so limited by court orders (*People* v. *Stern*, 3 N Y 2d 658); (c) that he was denied due process because he was not given sufficient time to make an informed decision or defend the contempt proceedings, since the record refutes this (cf. *Matter of Koota* v. *Colombo*, 17 N Y 2d 147, *supra*); and (d) that under *Harris* v. *United States* (382 U. S. 162) he was entitled to formal notice and a full hearing, since *Harris* dealt specifically with Federal procedural rules which are not controlling in this State, the proceedings in the County Court were in practical effect the equivalent of a formal hearing, appellant was not deprived of any substantial rights by the failure to hold a formal hearing, and no contentions were raised below or in this court which indicate that a formal hearing is necessary. Several other contentions by appellant merit no discussion as they are refuted by the record. Finally, we might note that we find that the questions asked of defendant were relevant to the Grand Jury inquiry; and that appellant's refusal to answer them was based on grounds less tenable than those overruled in *People* v. *Woodruff* (26 A D 2d 236, affd. 21 N Y 2d 848, *supra*). We conclude that the order adjudging appellant in contempt should be affirmed. In view of that determination, the motion to stay execution of the sentence must be denied. Christ, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.