THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JUDY CLINTON, Appellant.— Appeal from an order of the County Court, Albany County, entered February 14, 1973, which adjudged appellant in criminal contempt of court and imposed a sentence of 30 days in the Albany County Jail. Although an article 78 proceeding is the usual method of review of a judgment of criminal contempt which has been committed in the presence of a court (Judiciary Law, § 752), the parties here agree that, since there is an adequate record for appellate review in the case at bar, review by appeal is appropriate (*People* v. *Zweig*, 32 A D 2d 569). Appellant was called as a witness on behalf of the People in a criminal case. After answering preliminary questions, she refused to answer any further questions. When questioned as to her reason, she replied, " [w]ell, my life has been threatened, plus my child." The People moved to declare her a hostile witness and the trial court, over the objection of defense counsel, granted the motion. Thereupon, the prosecutor proceeded to read from her testimony before the Grand Jury and asked appellant whether she remembered if in fact that was her testimony. When appellant continued to refuse to answer, the court advised her that she risked being held in contempt. When she still refused to answer, the court again warned her that she risked being held in contempt and that contempt was punishable by 30 days in jail. Appellant persisted in her refusal to answer questions, whereupon she was again warned and the pertinent sections of the Judiciary Law concerning contempt were read to her. The trial court also instructed appellant at some length that she was required to testify, that fear for her own life or that of her child was " not a legal reason in the law for refusing to answer", and that she would have the protection of the court should she testify. When she refused to answer the next question, the court held her in contempt and summarily sentenced her to 30 days in the Albany County Jail. Appellant contends that she was denied due process by not being allowed to interpose a defense of duress when faced with the charge of contempt, asserting that she was entitled to " some type of notice and hearing * * * in which evidence and testimony might be taken before the decision of contempt [was] actually decided." The trial court held, as a matter of law, that fear for one's life or the life of one's child was not a reason for refusing to testify and, therefore, could not be a defense to a charge of contempt. We agree. It must, at the outset, be recognized that subject to well defined, constitutional or statutory

privileges, every person owes a duty to the State to testify and may be compelled to do so (*Matter of Commission of Investigation of State of N. Y. v. Lombardozzi*, 7 A D 2d 48, 56–57, affd. 5 N Y 2d 1026, remittitur amd. 6 N Y 2d 753, app. dsmd. 361 U. S. 10). In *People* v. *Woodruff* (26 A D 236, affd. 21 N Y 2d 848), it was held that the witness' constitutional right to freedom of religion which prevented her from testifying was outweighed by the State's interest in seeking out and controlling crime. Assuming, *arguendo*, that appellant was truthful in her statement that her life and that of her child had been threatened, she made no effort to co-operate with the police, the District Attorney and the court in that she did not bring the matter to their attention, and give them an opportunity to resolve the problem by taking measures to protect her. Furthermore, appellant's acts of contempt were committed within the sight and hearing of the Judge and she was in no way denied due process of law by being summarily found in criminal contempt of court. (See Judiciary Law, §§ 750, 751, 752.) For this reason, a hearing was unnecessary. The colloquy between the court and appellant clearly reveals that the court was well aware of her reasons for refusing to testify, and that it fully explained to appellant why her reasons for refusing to answer were legally unacceptable and inadequate to avoid the requirement of testifying. Order affirmed. Herlihy, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.