■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH SANDERS, Appellant.—Judgment, Supreme Court, Bronx County, dated October 28, 1976, adjudicating the defendant guilty of criminal contempt of court and imposing a sentence of imprisonment of 30 days, unanimously affirmed, without costs and without disbursements. The stay presently in effect is vacated. During the course of a pretrial hearing to suppress identification testimony relating to the defendant, the Judge directed the defendant to remove his glasses. Defendant refused and was summarily adjudged in contempt of court. The defendant on appeal erroneously urges that this adjudication was improper and must be reversed. A court may properly direct someone to exhibit his person for observation by a prosecution witness prior to trial *(United States v Wade,* 388 US 218, 222). This exhibition of physical characteristics is not limited to the person of a defendant but may also include a handwriting exemplar *(Gilbert v California,* 388 US 263); a voice exemplar *(United States v Dionisio,* 410 US 1); a blood sample *(Schmerber v California,* 384 US 757); or fingernail scrapings *(Cupp v Murphy,* 412 US 291). The exhibition of physical characteristics also clearly extends to wearing (and logically, therefore, removing) certain items of outerwear, including clothing or eyeglasses *(Holt v United States,* 218 US 245, 252-253). The court in the case at bar, therefore, lawfully directed the defendant to remove his eyeglasses for observation of his person sans glasses by a witness. The refusal of the defendant to obey this lawful directive of the court constituted criminal contempt (Judiciary Law, § 750, subd A, par 3) committed in the immediate view and presence of the court. Such contempt may properly be the subject of summary punishment (Judiciary Law, § 751, subd 1; § 755). Parenthetically, we note that while we are of the view that the most appropriate procedural vehicle for review of summary contempt is an article 78 proceeding (Judiciary Law, § 755), we nonetheless find that in the case at bar there exists an adequate record for appellate review and therefore review by direct appeal may obtain *(People v Zweig,* 32 AD2d 569; *People v Clinton,* 42 AD2d 815). Concur—Kupferman, J. P. Birns, Silverman and Lane, JJ.