■ In the Matter of JOHN J. LADUCA, Petitioner, v EUGENE W. BERGIN, as County Court Judge of the County of Monroe, Respondent. — Petition unanimously dismissed, without costs, and order of contempt affirmed. Memorandum: In this CPLR article 78 proceeding petitioner seeks to annul an order made by respondent which adjudged petitioner guilty of criminal contempt of court and fined him $250. The proceeding is before this court pursuant to CPLR 506 (subd [b], par 1). Petitioner was punished summarily during the course of a murder trial at which he acted as the defendant's attorney, and an order of contempt was later made by respondent pursuant to section 755 of the Judiciary Law. The record before the court establishes the following events: At the commencement of the trial respondent granted a sequestration order for the exclusion of trial witnesses from the courtroom prior to the taking of their testimony. The order was granted over petitioner's objection that, because of

the defendant's age and the nature of the defense, his parents should not be excluded from the courtroom although they were to testify. After the order was made petitioner stated that "I'm going to exclude the family of the victim. I'm going to subpoena them as witnesses so they will be in equal positions. I'm putting that on the record." Respondent cautioned petitioner that "vindictive" conduct would not be tolerated, but petitioner reasserted his intention to call a member of the victim's family as a witness. Respondent then warned petitioner that "[i]f you do that, you will be held in contempt of Court." Nonetheless, petitioner retorted "I'm going to serve her as a witness, Your Honor." Following a recess the Assistant District Attorney informed respondent that petitioner had personally served a subpoena on a member of the victim's family during the recess. Asked by respondent to explain his action, petitioner conceded that he had subpoenaed the family member as a witness but he refused to state his purpose in calling the witness and took exception "to the Court's questioning my good faith motive." Following some colloquy respondent stated that he interpreted petitioner's conduct in subpoenaeing the witness "as vindictiveness" and held that the order of sequestration would not apply to that witness. After the completion of the opening statements to the jury which immediately ensued, respondent observed the petitioner leave the courtroom and return with the defendant's mother in apparent contravention of the sequestration order. Respondent then twice asked petitioner "did you ask her to come in?" Petitioner finally stated that "I refuse to answer the question, Your Honor. I don't believe I am on trial in this case." Whereupon respondent held petitioner in contempt of court. In our opinion, on the facts disclosed in the record, petitioner was properly adjudged guilty of criminal contempt. Petitioner, as an officer of the court, has a higher duty to assist in maintaining the dignity of the court than the ordinary citizen (Code of Professional Responsibility, Canon 9, EC 9-1). Yet his entire course of courtroom conduct manifested "an intent to defy the dignity and authority of the court" (see *Matter of Hayden v Helfand,* 28 AD2d 567; see, also, *Matter of Rotwein [Goodman],* 291 NY 116, 122). Summary sanction was necessary under the circumstances since petitioner's contemptuous and insolent behavior occurred in the immediate view and presence of the court, media, court personnel and others in attendance at the trial which had attracted some publicity (see *Cooke v United States,* 267 US 517; *Matter of Katz v Murtagh,* 28 NY2d 234; see, also, Judiciary Law, § 755). Petitioner had been previously warned of the possibility that he would be punished for criminal contempt and that he was in peril of being held in contempt. He was afforded an opportunity to explain his conduct and make a statement on his own behalf before he was adjudged in contempt (see *Matter of Rodriguez v Feinberg,* 40 NY2d 994; *Matter of Katz v Murtagh, supra*) but he summarily refused the offer. After petitioner repulsed respondent's effort to obtain an explanation of petitioner's ostensible willful disobedience of respondent's lawful mandate, "no explanation could mitigate his offence or disprove the fact that he had committed such contempt of [the court's] authority and dignity as deserved instant punishment." (*Matter of Terry,* 128 US 289, 310.) (Art 78.) Present — Dillon, P. J., Denman, Boomer, Moule and Schnepp, JJ.