■ In the Matter of HUGH A. SCOTT, Petitioner, v HAROLD J. HUGHES, Respondent. — Petition brought pursuant to CPLR article 78 seeking to annul and set aside an order and judgment of the Supreme Court, New York County (Harold J. Hughes, J.), entered on June 1, 1984, which found petitioner guilty of criminal contempt and imposed a fine of $100, unanimously granted, on the law, the facts and in the exercise of discretion, without costs, the adjudication of contempt vacated and the fine imposed remitted to petitioner.

During the course of the three-day trial of a negligence case before the respondent in Supreme Court, New York County, petitioner, the attorney for the corporate defendant, on a number of occasions attempted to state the reasons for the objections he was making, either to questions asked of witnesses or answers given by them. He made these attempts both on occasions when his objections were sustained and when they were overruled. The court indicated from the outset that it would not permit argument in respect to its rulings on objections. Nevertheless, the record reveals that during the remainder of the trial petitioner continued to make comment following the respondent's ruling on objections. Sometimes the comments were in amplification as to the grounds of the objection and sometimes in argumentation over the ruling.

Finally, during the third day of the trial, during the direct examination of the president of petitioner's client, the defendant corporation, in front of whose property the accident is alleged to have occurred, the following transpired:

"MR. SCOTT: Objection.

"THE COURT: Overruled.

"MR. SCOTT: Judge, counsel has asked this question. Mr. Vitale has responded that he doesn't recall.

"MR. LEVINE: Your Honor, I object to counsel coaching his witness. That is improper.

"THE COURT: I will not permit argument, counselor.

"MR. SCOTT: And he is now bound by the answers.

"THE COURT: Members of the jury, we will take a brief recess. You may return to the jury room. [Whereupon at this time the jury left the courtroom and the following proceedings took place in their absence.]

"THE COURT: Counselor, I have found you in contempt of Court and fine you to $100.00. I expect that fine to be paid today or I will sentence you to the local County jail. I will not tolerate that conduct.

"MR. SCOTT: Your Honor, I would like to know the reasons this fine is being imposed.

"THE COURT: Because I told you to stop arguing and you continued to argue with me."

Further colloquy ensued during which petitioner's explanation, that he was not attempting to argue with the court, but rather was merely attempting to explain the reason for his objection, and his apology were rejected by respondent. Thereafter a formal order adjudging petitioner in contempt and imposing the $100 fine was signed.

Disorderly, contemptuous or insolent behavior, committed in the court's presence, which tends to interrupt its proceedings or to impair the respect for its authority, may be punished as a criminal contempt (Judiciary Law, § 750), as can willful disobedience of or willful resistance offered to the court's lawful mandate (§ 750). Conduct which manifests an intent to defy the dignity and authority of the court may properly be adjudged contemptuous (*Matter of Hayden v Helfand,* 28 AD2d 567; *Matter of LaDuca v Bergin,* 86 AD2d 983). Our examination of the record, however, persuades us that while petitioner's conduct did not comport with the court's direction that it would not entertain argument, that conduct does not appear to have been insolent, contemptuous or defiant of the court's authority and dignity. At its worst, it was merely reflective of the intensity of the competitiveness of the trial and the zealousness of counsel.

Moreover, we note that although the court clearly indicated that it did not want, indeed would not permit, argument in respect to its rulings on objections, the court never gave fair warning that failure to adhere to that interdiction would court contempt. Nor was petitioner afforded an opportunity, after being "advised that he was in peril of being adjudged in contempt, to offer any reason in law or fact why that judgment should not be pronounced." (*Matter of Katz v Murtagh,* 28 NY2d 234, 238.) His explanation and apology, following the pronouncement of contempt, was summarily, and we believe improvidently, rejected. Concur — Kupferman, J. P., Sullivan, Ross, Carro and Alexander, JJ.