■ In the Matter of Christian T. Maynard, Petitioner, v David A. Wait, as District Attorney of Saratoga County, et al., Respondents. [668 NYS2d 263] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondents from retrying petitioner on an indictment charging him with attempted sodomy in the first degree, sexual abuse in the first degree, unlawful imprisonment in the second degree and assault in the third degree.

Claiming that a retrial of the indictment charging him with various sex-related offenses is barred by the principles of double jeopardy, petitioner has commenced this CPLR article 78 proceeding in the nature of a writ of prohibition.

Initially, we shall deny respondents' motion to dismiss the petition on the ground of improper verification as there is no indication that they rejected the petition within 24 hours of its receipt nor is there any evidence that they were unduly prejudiced by the defect (*see, Theodoridis v American Tr. Ins. Co.*, 210 AD2d 397; *Matter of Lentlie v Egan*, 94 AD2d 839, *affd* 61 NY2d 874).

The underlying fact giving rise to this proceeding is that defendant's first trial terminated in a mistrial due to defense counsel's violation of CPL 60.48.[1] The violation occurred when defense counsel, in cross-examining a State Trooper, asked him if he could recall what the victim was wearing. The Trooper replied that she was wearing short shorts. In an inquiring manner, defense counsel repeated the phrase "short shorts" to the Trooper while at the same time snickering or smiling at the jury. The Trooper answered "yes, abbreviated". At the conclusion of the Trooper's cross-examination, the prosecutor moved for a mistrial.[2] Over defendant's objection, County Court granted the motion.

Under these circumstances, a retrial is barred by the Double Jeopardy Clauses of the Federal and State Constitutions unless there was manifest necessity for the mistrial (*see, United States v Jorn*, 400 US 470, 481; *Matter of Davis v Brown*, 87 NY2d 626, 630). The decision to grant a mistrial rests within the sound discretion of the trial court (*see, Matter of Enright v Siedlecki*, 59 NY2d 195, 200) and, because County Court was more familiar with the evidence and the background of the case, had listened to the tone of the questions and responses and observed the reaction of the jury, its determination that the impartiality of one or more of the jurors may have been compromised by defense counsel's introduction of improper and prejudicial evidence into the trial must be accorded the highest degree of respect (*see, Arizona v Washington*, 434 US 497, 511-514; *People v Michael*, 48 NY2d 1, 10).

The trial court's discretion is not boundless as it is indispensably necessary that, prior to declaring a mistrial, the court must properly explore the appropriate alternatives to a mistrial and there must be a sufficient basis in the record for a

---

1. CPL 60.48 establishes a presumption that a victim's matter of dress shall not be admissible in evidence in a sex offense case unless the proponent makes an offer of proof outside of the jury's presence and the trial court determines such evidence is relevant.

2. It would have been better practice for the prosecutor to have immediately objected when defense counsel first propounded the improper inquiry to the Trooper.

mistrial (*see, Hall v Potoker*, 49 NY2d 501, 505). The latter requirement has been satisfied here since defense counsel's improper inquiries injected evidence into the trial that the Legislature has deemed, as a matter of public policy, should be excluded because of its prejudicial effect (NY Assembly Mem, Bill Jacket, L 1994, ch 482). The record further shows that County Court carefully explored the appropriate alternatives as it permitted both attorneys to argue their respective positions and then reserved on the motion. When court reconvened the next day, the attorneys were permitted to renew their arguments for the court's consideration.

Therefore, since County Court's determination that there was manifest necessity for a mistrial is supported by the record, we conclude that defendant's retrial is not barred by double jeopardy and, accordingly, dismiss the petition.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Adjudged that the petition is dismissed, without costs.