■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS SAVINON, Appellant. [740 NYS2d 853] —Judgment, Supreme Court, New York County (Harold Beeler, J.), rendered May 11, 2001, convicting defendant, after a jury trial, of rape in the first degree and sexual abuse in the first degree, and sentencing him to concurrent terms of nine years and five years, respectively, unanimously affirmed.

The court properly granted the People's motion for a mistrial where defense counsel's opening statement in the first attempt to try this case blatantly and prejudicially violated the rape shield law (CPL 60.42). There was no colorable theory under which the victim's sexual history would be relevant in this case (*see, People v Williams*, 81 NY2d 303, 313-314). Since the court's determination that there was manifest necessity for a mistrial is supported by the record, the retrial was not barred by double jeopardy (*Matter of Maynard v Wait*, 246 AD2d 853).

The court properly granted the People's request for a missing witness charge with regard to defendant's failure to call his close friend and business associate who was present during the incident. The record established that defense counsel had interviewed the witness during the trial. The charge was warranted since the witness had material, noncumulative knowledge and was available and within defendant's "control" for purposes of a missing witness charge (*see, People v Keen*, 94 NY2d 533, 539-540). Furthermore, nothing in the People's cross-examination of defendant and arguments concerning the missing witness had the effect of shifting the burden of proof.

The court conducted a proper inquiry when a sworn juror expressed annoyance at the courtroom misbehavior of a defense paralegal. In response to the court's inquiry, the juror gave un-

equivocal assurances that the conduct she had observed would have no effect on her ability to render an impartial verdict (*see, People v Rodriguez*, 71 NY2d 214).

Even if we treat the motion defendant filed as a CPL 440.10 motion, the denial of such motion could not be reviewed by this Court unless defendant obtained leave to appeal (CPL 460.15). Moreover, defendant has failed to present an adequate record with respect to his ineffectiveness of counsel claim, since his complaints require an amplification of the record to ascertain the reasons for defense counsel's strategic decisions. However, to the extent the present record permits review, we find that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714).

The court properly exercised its discretion (*see, Delaware v Van Arsdall*, 475 US 673, 678-679) in precluding repetitive testimony from a defense witness and improper impeachment of the victim on the basis of purported omissions from her grand jury testimony.

By failing to object, by making generalized objections or objections on significantly different grounds from those raised on appeal, or by failing to request further relief after objections were sustained, defendant has not preserved his remaining claims and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Concur—Williams, P.J., Tom, Mazzarelli, Andrias and Friedman, JJ.