■ In the Matter of MICHAEL J. PRONTI, Appellant, v GARY P. ALLEN, as Town Justice of the Town of Newfield, et al., Respondents. [787 NYS2d 470]—

Kane, J. Appeals (1) from a judgment of the Supreme Court (Mulvey, J.), entered January 2, 2004 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town Justice of the Town of Newfield finding, inter alia, petitioner in criminal contempt, and (2) from an order of said court, entered April 20, 2004, which, upon reargument, adhered to its prior decision.

As a result of being issued a traffic ticket for speeding, petitioner, then 76 years old, appeared in front of respondent Town Justice of the Town of Newfield (hereinafter respondent). Petitioner pleaded not guilty and a trial was scheduled. At the bench trial, petitioner represented himself and respondent Steven Tostanoski, the deputy sheriff who issued the ticket, presented the People's case. Tostanoski was sworn in and testified regarding petitioner's alleged speeding violation. Apparently misunderstanding trial procedure, petitioner declined the opportunity to cross-examine him, was sworn in as a witness, then began questioning Tostanoski. Respondent informed petitioner that he was not following procedure and should offer his own testimony, but petitioner continued to ask questions. Based on

Tostanoski's response to a particular question, petitioner called him a liar. Respondent explained that such a comment was inappropriate and would not be tolerated. After the fourth time that petitioner asked the same question and called Tostanoski a liar for giving the same answer, with similar warnings by respondent after the first three instances, respondent informed petitioner that he was in contempt of court (*see* Judiciary Law § 755). Respondent then permitted petitioner to purge his contemptuous actions by apologizing to respondent and Tostanoski. Thereafter, petitioner offered to apologize to respondent but not to the witness, which respondent found insufficient. Respondent imposed a punishment of five days in jail. After petitioner had been removed from the courtroom, respondent declared a mistrial.

Petitioner commenced this CPLR article 78 proceeding seeking a judgment vacating the finding of contempt and declaration of a mistrial, as well as a prohibition of a retrial on the underlying speeding violation. Supreme Court dismissed the petition and adhered to its decision upon reargument. Petitioner appeals.

Respondent's contempt finding against petitioner must be vacated. The proper protocol that courts should follow when a person's conduct is contemptuous in the presence of the court is to first warn the person that if the proscribed conduct continues, the court will find the person in contempt; when the conduct continues, offer the person an opportunity to explain his or her conduct before entering a finding of contempt; if no explanation is offered or the explanation is insufficient, enter a finding of contempt; if appropriate under the circumstances, offer the person an opportunity to purge the contempt by apologizing for the conduct or performing the act required; if purging is inappropriate or not acceptable, impose a punishment for contempt; and finally, prepare an order known as a mandate of commitment. These steps must be reflected in the mandate of commitment, as they constitute the "particular circumstances of [the] offense" leading to the contempt finding (Judiciary Law § 752), as well as the "facts which constitute the offense and which bring the case within the provisions" for summary contempt (Judiciary Law § 755), and the mandate of commitment forms the sole basis for appellate review (*see Matter of Boasberg v Munson*, 286 App Div 951, 952 [1955]). Based on the mandate of commitment here, the contempt finding must be vacated.

Despite respondent's proper admonitions that calling the witness a liar was improper and offensive, according to the mandate of commitment respondent never gave fair warning that failure

to desist from such conduct would constitute contempt of court, nor did respondent afford petitioner an opportunity to provide an explanation for his behavior prior to rendering a contempt finding (*see Matter of Katz v Murtagh*, 28 NY2d 234, 238 [1971]; *Matter of Scott v Hughes*, 106 AD2d 355, 356 [1984]; *compare Matter of Pozefsky v Jung*, 268 AD2d 646, 647 [2000]). Although a contemnor is generally allowed an opportunity to purge the contempt by performing the act required or apologizing for the act leading to a finding (*see Matter of January 1979 Grand Jury of Albany Supreme Ct. v Doe*, 84 AD2d 588, 588 [1981]), an offer to purge contempt after a finding does not suffice for an opportunity to provide an explanation before such a finding is made. Because petitioner was not advised that continuing with his improper comments could result in contempt, nor was he provided an opportunity to respond to the potential imposition of a contempt finding before it was issued, respondent's finding of contempt against petitioner must be vacated.

Respondent also erred in granting a mistrial. Jeopardy attached for this violation when the first witness was sworn (*see* CPL 40.30 [1] [b]). Generally, if the defendant does not consent to a mistrial, the Double Jeopardy Clauses of the NY and US Constitutions (US Const 5th Amend; NY Const, art I, § 6) prohibit retrial on a matter once jeopardy has attached unless there was a manifest necessity for the mistrial (*see Matter of Enright v Siedlecki*, 59 NY2d 195, 199 [1983]; *Matter of Maynard v Wait*, 246 AD2d 853, 854 [1998]). Even if the reasons for granting a mistrial are deemed actual and substantial, the trial court must explore all appropriate alternatives prior to granting a mistrial (*see Matter of Maynard v Wait, supra* at 854; *Matter of Rubenfeld v Appelman*, 230 AD2d 911, 912 [1996]). Here, respondent's reason for granting the mistrial was that after the situation leading to the contempt finding, he no longer felt that he could be impartial in rendering a determination and he was, therefore, mandated to recuse himself. This reason, first proffered in respondent's answer to the instant petition, is called into question by letters that respondent sent to petitioner, on stationary identifying himself as justice presiding, scheduling the retrial and ruling on petitioner's requests for adjournments. We find this belated claim of possible partiality insufficient to establish the manifest necessity required to declare a mistrial (*see Matter of Ferlito v Judges of County Ct., Suffolk County*, 31 NY2d 416, 419-420 [1972]). As a mistrial was not necessary, any retrial of petitioner is barred by the prohibition against double jeopardy and, therefore, the simplified traffic information must be dismissed (*see Matter of Newman v Brennan*, 2 AD3d 447, 448 [2003]).

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment and order are reversed, on the law, without costs, petition granted, contempt finding vacated and respondents are prohibited from retrying petitioner on the simplified traffic information.