■ In the Matter of WILLIAM J. CLARK, JR., Appellant, v KIMBERLY A. ZWACK, Respondent. [835 NYS2d 767]—

---

Mercure, J. Appeal from an order of the Family Court of Albany County (Walsh, J.), entered March 20, 2006, which, in a proceeding pursuant to Family Ct Act article 4, held petitioner in criminal contempt of court.

In October 2005, petitioner commenced this proceeding seeking a downward modification of a prior child support order on the ground that he was incarcerated and unable to pay. He appeared pro se at the January 2006 support hearing via telephone from the Saratoga County jail. When the Support Magistrate indicated that she would grant petitioner an adjournment to arrange for representation, petitioner embarked upon a diatribe chronicling a litany of perceived injustices perpetrated on him by the court system, culminating in his statement: "I don't care what you do at this point. You can take and rub salt in your ass for all I care, all right? Because this is ridiculous. You Courts are ridiculous. . . . you people are a joke. . . . Your courts are a joke. It's a joke. The whole system is a joke. It's a joke. So I don't care what you do at this point. I don't care if you terminate the petition, whatever, suspend it, you'll never get another dime out of me regardless. So I don't care what you do. Have a nice day." Immediately thereafter, petitioner hung up the phone.

The Support Magistrate concluded that petitioner's statements constituted a withdrawal of the petition, dismissed the petition without prejudice, and referred the transcript to Family Court for a hearing upon the issue of contempt. At the hearing, during which petitioner was represented by counsel, petitioner interrupted a discussion between counsel and the court to describe his interactions with the Support Magistrate, his disagreement with the dismissal of the petition and his frustrations with the court system. When Family Court asked if he believed his comments to the Support Magistrate were acceptable, petitioner initially apologized, but then continued to criticize the Support Magistrate for not modifying the prior support order. Family Court then determined that petitioner was

guilty of criminal contempt and imposed a sentence of 30 days in the Albany County Correctional Facility. Petitioner appeals and we now affirm.

Initially, we note that petitioner is correct that a direct appeal from Family Court's order is permissible here inasmuch as he was not punished summarily (*see Matter of Hunter v Murray*, 130 AD2d 836, 837-838 [1987], *appeal dismissed* 70 NY2d 746 [1987], *appeal dismissed and cert denied* 484 US 1038 [1988]; *cf. Matter of Shockome v Shockome*, 30 AD3d 529, 530 [2006]). Turning to the merits, "[c]riminal contempt can be premised upon, among other things, '[d]isorderly, contemptuous, or insolent behavior' committed in the court's presence," such as uttering obscenities following an unfavorable ruling (*Matter of Frierson v Goldston*, 9 AD3d 612, 614 [2004], quoting Judiciary Law § 750 [A] [1]; *see* Family Ct Act § 156). While petitioner asserts that the Support Magistrate should have warned him that his conduct would result in contempt or permitted him to apologize (*see Matter of Pronti v Allen*, 13 AD3d 1034, 1035 [2004]), the record demonstrates that petitioner unilaterally ended his participation in the proceeding immediately after making his most contemptuous statements and verbally attacking the Support Magistrate.

Moreover, prior to the hearing before Family Court, petitioner was given notice that he was in danger of being adjudged in contempt of court and, during the hearing, given "the essential proffer in open court of an opportunity . . . to offer any reason in law or fact why that judgment should not be pronounced" (*Matter of Katz v Murtagh*, 28 NY2d 234, 238 [1971]). Contrary to his argument that the contempt should have been purged when he apologized, petitioner proceeded, immediately after his brief apology, to correct Family Court regarding the particulars of his profane statement and continued to criticize the Support Magistrate's perceived intransigence and other failings. Under these circumstances, we agree with Family Court that petitioner's purported apology did not purge the contempt (*see generally Matter of Pronti v Allen, supra* at 1035; *cf. Matter of Silver v Hannah*, 37 AD2d 949, 949-950 [1971]).

Finally, we reject petitioner's argument that he was denied the effective assistance of counsel at his hearing before Family Court due to counsel's silence during the colloquy between petitioner and the court. To prevail upon his ineffective assistance claim, " 'it is incumbent on [petitioner] to demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712 [1998], quoting *People v Rivera*, 71 NY2d 705, 709

[1988]; *see People v Caban,* 5 NY3d 143, 152 [2005]). Counsel's tactical decision to allow petitioner to engage in a narrative with Family Court—with the expectation that petitioner would exercise humility in explaining and apologizing for his prior behavior—reflects a reasonable, albeit unsuccessful, strategy and did not render the assistance ineffective (*see People v Benevento, supra* at 712-713).

Cardona, P.J., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.