SUMMARY ORDER
Carlos Savinon appeals the denial of his 28 .U.S.C. § 2254 petition to vacate his New York State conviction for first-degree rape and first-degree sexual assault. In an order dated September 13, 2007, this court granted a certificate of appealability on the following issue: whether Savinon’s trial counsel rendered ineffective assistance when attempting to secure an eyewitness’s testimony and when challenging the issued missing-witness charge. See Order, Savinon v. Mazucca, No. 07-0940-pr (2d Cir. Sept. 13, 2007). In resolving that issue, we assume the parties’ familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision.
1. Standard of Review
When a prisoner’s constitutional challenges to his conviction have been adjudicated against him “on the merits” in the state courts, federal habeas relief is available only if the state courts’ rulings were “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1); see Hawkins v. Costello, 460 F.3d 238, 242 (2d Cir.2006). While this deferential standard of review does not apply where the state courts did not permit adequate development of the factual record, see Drake v. Portuondo, 553 F.3d 230, 239-40 (2d Cir.2009); Drake v. Portuondo, 321 F.3d 338, 345 (2d Cir.2003), we do not understand this to be such a case.
When the Appellate Division noted that Savinon’s complaints about his trial counsel’s representation “requirefd] an amplification of the record to ascertain the reasons for defense counsel’s strategic decisions,” People v. Savinon, 293 A.D.2d 413, 414, 740 N.Y.S.2d 853, 854 (1st Dep’t 2002), we understand it to have concluded simply that Savinon, who was then represented by new counsel, had failed to carry his burden to adduce some evidence calling into question the presumption of sound strategy that attaches to an attorney’s decisions with respect to calling witnesses. See, e.g., Greiner v. Wells, 417 F.3d 305, 323 (2d Cir.2005); United States v. Eisen, 974 F.2d 246, 265 (2d Cir.1992). Moreover, when the trial *43 court reviewed and rejected Savinon’s first collateral challenge in 2002, noting several possible strategic reasons for counsel’s failure to call a potentially exculpatory witness, there is no indication that it failed to permit Savinon to secure affidavits to substantiate his claim. Accordingly, in this case, we identify no state court failure to develop the record.
In any event, we do not pursue the matter further because, whether we review Savinon’s constitutional challenges deferentially or de novo, we identify no error warranting habeas relief.
2. Sixth Amendment Claim
To demonstrate ineffective assistance of counsel, a defendant must show both (1) that counsel’s performance was objectively unreasonable and (2) that, but for counsel’s unprofessional errors, the result of the proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The burden is a heavy one because a reviewing court must “indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action ‘might be considered sound [legal] strategy.’ ” Id. at 689, 104 S.Ct. 2052 (quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955)); accord United States v. Gaskin, 364 F.3d 438, 468 (2d Cir.2004).
a. Securing Camacho’s Testimony at Trial
Savinon submits that trial counsel was ineffective in failing to secure the testimony of purportedly exculpatory witness Luis Camacho by a subpoena or material witness warrant. The argument is unpersuasive in several respects.
First, to the extent our review is deferential, we identify no clear misapplication of established Supreme Court precedent in the New York courts’ rejection of this part of Savinon’s Sixth Amendment claim on the record as it existed on direct appeal. When on a second collateral challenge to conviction, Savinon finally presented a 2004 affidavit from Camacho, New York courts permissibly relied on an independent state law ground in concluding that the affidavit did not constitute newly discovered evidence warranting collateral reconsideration of a rejected Sixth Amendment challenge, see N.Y.Crim. Proc. Law § 440.10(1)(g). Such a decision does not warrant habeas review. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); Clark v. Perez, 510 F.3d 382, 390 (2d Cir.2008); DiGuglielmo v. Smith, 366 F.3d 130, 137 (2d Cir.2004).
Second, to the extent we might appropriately review de novo the entire record, including the Camacho and Schulman affidavits, we agree with the district court that Savinon has not carried his Strickland burden. Counsel’s explanation for why he was unable to prepare and serve Camacho with a subpoena during the potential witness’s unexpected and brief visit to his office on a Sunday did not evidence objectively unreasonable representation. See United States v. Gaskin, 364 F.3d at 469 (observing that Strickland requires review of challenged conduct “ ‘from counsel’s perspective at the time’ ” (quoting Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. 2052)); see also Parisi v. United States, 529 F.3d 134, 141 (2d Cir.2008). Nor was it objectively unreasonable for counsel not to seek Camacho’s arrest on a material witness warrant given the improbability that Camacho would ever actually testify. Not only had Camacho told counsel that he would not testify under *44 any circumstances unless he received assurances that he would not be deported, counsel recognized that, if Camacho were arrested as a material witness and assigned an attorney, that lawyer would readily determine that Camacho faced not only deportation but prosecution for unlawful reentry after a felony conviction, see 8 U.S.C. § 1326(b)(2), and advise his client to invoke his Fifth Amendment rights with respect to acknowledging his presence in the United States at the time of the crimes charged against Savinon, cf. Rajah v. Mukasey, 544 F.3d 427, 441 (2d Cir.2008) (stating that forcing person to provide statement regarding alienage provided possible evidence of one or more crimes involving immigration violations). Counsel cannot be deemed ineffective for failing to take action that would have been futile. See United States v. Abad, 514 F.3d 271, 276 (2d Cir.2008).
Accordingly, we reject this part of Savi-non’s Sixth Amendment claim as without merit.
b. Efforts to Contest the Missing Witness Charge
Savinon contends that even if Camacho would not have testified, counsel’s failure to use a subpoena or material witness warrant to secure his presence' in court to establish that fact rendered ineffective his challenge to the court’s missing witness charge. Because we have already concluded that counsel adequately explained his inability to serve Camacho with a subpoena, we focus only on the failure to secure Camacho’s arrest on a material witness warrant.
In reviewing this omission, we note that defense counsel vigorously defended Savi-non throughout the trial. As part of that defense, counsel forcefully argued against a missing witness charge on the ground that Camacho was not, in fact, an available witness. In support of this argument, counsel established through re-direct examination of Savinon that the defendant had had to look for Camacho for six months before bringing him to counsel’s office during trial for a brief Sunday meeting. Counsel' further advised the court that, at that meeting, Camacho had stated that he would “not come to court under any circumstances” unless the prosecution assured him that he would not be deported, something counsel knew was unlikely. Trial Tr. at 576. Under these circumstances, we cannot conclu’de that it was objectively unreasonable for an attorney to think that he had adequately demonstrated the witness’s unavailability and that there was no need to request a warrant—and a trial adjournment pending the warrant’s execution—so that Camacho could be forcibly brought to court to state a refusal to testify. See Strickland v. Washington, 466 U.S. at 699, 104 S.Ct. 2052 (rejecting ineffectiveness challenge to counsel’s decisions to argue mitigating circumstances based on defendant’s acceptance of responsibility and not to seek more character or psychological evidence); United States v. Eisen, 974 F.2d at 266 (rejecting argument that counsel should have conducted more thorough cross-examination).
As the Supreme Court recognized in Strickland, “[tjhere are countless ways to provide effective assistance in any given case.” Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. 2052. An attorney who makes a strategic choice that is not persuasive to a court does not render constitutionally ineffective assistance simply because, with the benefit of time and hindsight, other strategies can be identified that might have been successful. See id. (recognizing that even the “best criminal defense attorneys would not defend a particular client in the same way”); United States v. Gaskin, 364 F.3d at 469.
*45 Accordingly, we also reject this part of Savinon’s Sixth Amendment challenge as without merit.
Moreover, the strong evidence of Savi-non’s guilt satisfies us that he cannot satisfy the prejudice prong of Strickland.
The judgment of the district court is AFFIRMED.