■ In the Matter of St. Lawrence County Support Collection Unit, on Behalf of Lesli E. LaClair, Respondent, v Jason M. Gilmour, Appellant. [878 NYS2d 502]—

Lahtinen, J. Appeal from an order of the Family Court of St. Lawrence County (Rogers, J.), entered January 4, 2008, which, in a proceeding pursuant to Family Ct Act article 4, revoked respondent's suspended sentence.

Respondent willfully violated a support order resulting in a 90-day sentence, which was suspended for one year provided he

made timely payments. He failed to make the payments and a warrant was issued for his arrest in December 2005. In September 2006, Family Court was informed that respondent was in a federal prison in Pennsylvania. In October 2006, respondent notified Family Court that he was going to file to be returned to New York under the Interstate Agreement on Detainers Act (hereinafter IAD; *see* 18 USC Appendix 2; CPL 580.20) for unrelated criminal charges and stated that he "would very much like to take care of [the Family Court] matter."

In November 2007, respondent was transported to St. Lawrence County pursuant to the IAD for the unrelated criminal charges and, at that time, he also appeared before Family Court. Although he expressed concern about whether it was a violation of the IAD for him to appear before Family Court when in New York for unrelated criminal charges, he nevertheless stated that he would like to resolve the Family Court issue at that time. His attorney was afforded an opportunity to file a motion directed to the issue of Family Court's jurisdiction under the circumstances, but did not file such a motion. Following a hearing, the suspension of respondent's 90-day sentence was revoked. Respondent appeals.

Respondent argues that Family Court did not have jurisdiction because he was brought before that court when in New York pursuant to the IAD for an unrelated criminal matter. The IAD provides, in relevant part, that "[t]he temporary custody referred to in this agreement shall be only for the purpose of permitting prosecution on the charge or charges contained in one or more untried indictments, informations or complaints which form the basis of the detainer or detainers or for prosecution on any other charge or charges arising out of the same transaction" (CPL 580.20, art V [d]; 18 USC Appendix 2, § 2, art V [d]). However, an alleged failure to strictly adhere to the statutory provisions of the IAD can be waived (*see New York v Hill*, 528 US 110, 114 [2000]; *Matter of Amiger v Long*, 101 AD2d 616, 617 [1984]).

Here, the record reveals that respondent fluctuated between indicating a concern about Family Court acting and repeatedly stating his desire to proceed to resolve the matter. His apprehension about proceeding was focused upon his unfounded concern that this would constitute a violation of the IAD agreement by him which would negatively impact him in the unrelated criminal matter. His statements expressing a desire to resolve the matter (albeit tempered by misplaced trepidation) together with his failure to make a motion addressed to the jurisdictional is-

sue when afforded ample opportunity to do so constituted a sufficient waiver of the issue. While thus unnecessary to decide the jurisdictional issue, we note that other states, when addressing analogous situations, have concluded that a failure to strictly follow article V (d) of the IAD does not necessarily mandate dismissal or reversal (*see e.g. Morrison v State*, 280 Ga 222, 224, 626 SE2d 500, 502 [2006] [numerous cases from many jurisdictions cited therein]).

We are unpersuaded by respondent's contention that he was denied the effective assistance of counsel. "To prevail upon his ineffective assistance claim, it is incumbent on [respondent] to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (*Matter of Clark v Zwack*, 40 AD3d 1224, 1226 [2007] [internal quotation marks and citation omitted]; *see Matter of St. Lawrence County Support Collection Unit v Cook*, 57 AD3d 1258, 1260 [2008]). He contends that counsel's failure to make a motion challenging Family Court's jurisdiction constituted ineffective assistance. However, as noted above, precedent from other jurisdictions reveals a difficult path for this argument. Significantly, there was a legitimate reason to proceed because, as Family Court indicated, respondent would receive credit for the nearly two months he had spent in the St. Lawrence County jail while there under the IAD and, with good time allowance, the current matter would be basically resolved (which was the result respondent desired); whereas, otherwise, he would have to return to Family Court at a later date.

Cardona, P.J., Mercure, Spain and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.