S.P. v M.P. (2022 NY Slip Op 06377)

S.P. v M.P.

2022 NY Slip Op 06377

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, AND WINSLOW, JJ.

801 CA 21-00356

[*1]S.P., PLAINTIFF-APPELLANT,
v
M.P., DEFENDANT-RESPONDENT. 

S.P., PLAINTIFF-APPELLANT PRO SE. 

 Appeal from an order of the Supreme Court, Niagara County (Daniel Furlong, J.), entered February 1, 2021. The order fined plaintiff $1,000 upon two findings of contempt. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the contempt adjudications are vacated.
Memorandum: In this post-divorce child custody action, plaintiff mother appeals pro se from an order that fined her $1,000 upon findings effectively adjudicating her in criminal contempt pursuant to Judiciary Law § 750 (A) (3). We now reverse and vacate the contempt adjudications.
Preliminarily, we conclude that the mother's challenge to the summary contempt adjudications is properly raised via direct appeal from the order under the circumstances of this case. Although a direct appeal from an order punishing a person summarily for contempt committed in the immediate view and presence of the court ordinarily does not lie and a challenge must generally be brought pursuant to CPLR article 78 to allow for development of the record (see Judiciary Law §§ 752, 755; see e.g. Matter of Cahn v Vario, 32 AD2d 1035, 1035 [2d Dept 1969]), an appeal from such an order is appropriately entertained where, as here, there exists an adequate record for appellate review (see People v Sanders, 58 AD2d 525, 525 [1st Dept 1977]; People v Clinton, 42 AD2d 815, 815 [3d Dept 1973]; Matter of Dillon v Comello, 34 AD2d 1097, 1098 [4th Dept 1970]; People v Zweig, 32 AD2d 569, 570 [2d Dept 1969]).
With respect to the merits, "[b]ecause contempt is a drastic remedy, . . . strict adherence to procedural requirements is mandated" (Rennert v Rennert, 192 AD3d 1513, 1515 [4th Dept 2021] [internal quotation marks omitted]). Here, we conclude that the court committed reversible error by failing to afford the mother the requisite "opportunity, after being 'advised that [she] was in peril of being adjudged in contempt, to offer any reason in law or fact why that judgment should not be pronounced' " (Matter of Scott v Hughes, 106 AD2d 355, 356 [1st Dept 1984], quoting Matter of Katz v Murtagh, 28 NY2d 234, 238 [1971]; see Matter of Rodriguez v Feinberg, 40 NY2d 994, 995 [1976]).
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court